## Case No. 8,989.

### MALLETT v. FOXCROFT.

[1 Story, 474.] 1

Circuit Court, D. Maine. May Term, 1841. 2

WRIT OF RIGHT—JUDGMENT ON PARTITION — RES JUDICATA—UPON THE POINT—BY INFERENCE.

1. It is no bar to a writ of right, that there has been a judgment on a petition for partition between the same parties, in favor of the tenant, upon. an issue joined therein on the sole seisin of the demandant.

2. Judgment in a possessory action (and a petition on a writ of partition is but a possessory action) is no bar to a writ of right. The issue, in the latter, is upon the mere right; in the former, it merely binds the right of possession; it does not draw in question the mere right.

3. A verdict, to be a bar or estoppel, must be direct upon the very point of the issue; and not merely so by argument or inference.

4. A verdict in favor of the petitioner in a petition for partition, where the issue is upon the sole seisin of the respondent, establishes only, that he had not a sole seisin at the time of the filing of the petition. Consistently with such a finding, he may have had a sole seisin within the last twenty years, before that time, that is, within the statute limitation of writs of right.

Writ of right for two lots of land (No. 11 in the fourth range, and No. 11 in the fifth range) in Lee, Penobscot county, Maine. The count was on the demandant's own seisin within twenty years. Plea, the general issue. At the trial, it appeared, that the real question between the parties was merely one of title; both parties claiming under an original grant of the commonwealth of Massachusetts to Williams College of a tract of

land of 23,040 acres, of which the demanded premises were parcel.

At the trial, Mr. Paine, for the demandant [David Mallett], made out a regular deraignment of title from Williams College of a part of this tract, comprehending the lots now in controversy, through intermediate purchasers to Samuel T. Mallett, who conveyed the lots in controversy to the demandant (his son) on the 12th of August, 1829.

Fessenden & Deblois, for the tenant, claimed title from Williams College, under a mortgage dated the 5th of June, 1827, and made to the college, of 6,000 acres of the original tract of 23,040 acres, by Samuel T. Mallett; upon which mortgage the college recovered a judgment, in October, 1838, which included the demanded premises, and which was duly consummated by a writ of habere facias possessionem in June, 1839. In July, 1839, [Joseph F.] Foxcroft (the tenant) and one Webber filed a petition for partition of these 6,000 acres, before the state court. Upon that petition, the demandant appeared as respondent, and pleaded, that he was sole seised of the two lots. The jury found a verdict upon the petition for the petitioners, and judgment passed accordingly.

Upon this proof, Fessenden & Deblois, for the tenant, contended, as a preliminary ground, that the demandant was estopped by this judgment to re-try the question of seisin, which had been already decided in the suit for partition. and that it was a bar to the present suit. And they cited the statute of Maine, 1820 (chapter 62) and the case upon the partition reported in 4 Shep. [16 Me.] 89.

STORY, Circuit Justice. We are of opinion, that the objection is unmaintainable in point of law. The present suit is a writ of right, and no judgment in a writ or petition for partition will constitute any bar to the maintenance of a writ of right between the same parties. A writ of partition, or a petition for partition, which is but a substitute for the former, is a mere possessory action; and, at most, a judgment in a possessory action, can bar only an action of as high a nature, that is, a possessory action; for the judgment only establishes the right of possession. But a writ of right is in no just sense a possessory action. It is founded upon the mere right, and not upon the possession; and the general issue or mise is but a trial of the mere right. The plea of the demandant of a sole seisin, to the petition of partition, even if it were found against him, would only disprove his sole seisin at the time when the petition was filed. It would not prove, that he was not so seised at any prior time within the last twenty years, which is the statute limitation of writs of right. It could not be pleaded as a bar to a writ of right, or as an estoppel thereof; since it did not, and could not try the same question, who had the better mere right. The most,

---

1 [Reported by William W. Story, Esq.]
2 [Affirmed in 4 How. (45 U. S.) 353.]

that can be said, is, that it is admissible as evidence between the same parties. But of what is it evidence? Certainly only of the very fact of sole seisin put in issue by the pleadings; and that can properly apply only to sole seisin at the time when the partition was filed.

But, in truth, the proceedings upon this petition for partition do not present, when closely examined, any such verdict of the jury, upon the issue joined by the parties, as the argument has supposed. It is wholly irregular and incorrect. The duty of the jury was to find the very point of sole seisin or not, as alleged by the respondent (the present demandant). They have done no such thing. But, instead thereof, they have found a collateral fact, bearing indirectly upon the issue, to wit, that the deed of Samuel T. Mallett to the demandant (his son) was fraudulent. Now, this fact might have been important to be established upon the trial of the issue; nay, might have justified a verdict for the petitioner. But it was by no means necessarily decisive of the merits of the case; or, if it was, it was merely by argument and inference, and not as a matter of direct finding of the issue. And no bar or estoppel can be taken by way of inference or argument.

In truth, it now appears, and is admitted at the bar, that the real question in controversy between the parties in the present suit is (as it probably was upon the petition for partition,) whether the Settlers' Lots, so called (the lots in controversy,) were excepted from the mortgage to Williams College, or not. If they were excepted, then the demandant is entitled to maintain his writ of right. If not excepted, then the tenant is entitled to a verdict on the general issue. In either view, it is wholly immaterial, whether the deed of Samuel T. Mallett to the demandant was merely colorable and fraudulent between the parties, or not; for if the lots were not included in the mortgage, the tenant is a mere stranger, and is not entitled to contest the validity of the deed, since he does not claim under it; and it may be good and binding between the grantor and the grantee, notwithstanding it is but a colorable conveyance meditated by them. If, on the other hand, the mortgage did include the lots, then it is equally plain, that the deed of Samuel T. Mallett to the demandant, even if made bona fide, could convey no title against the tenant, who claims under the paramount title of the mortgage; and he, therefore, would thus have the better right to hold the demanded premises. Therefore, "quàncunque viâ data est," the question of fraud seems not properly before this court upon the present pleadings.

MEMORANDUM. Upon this intimation of the opinion of the court, the tenant moved for a continuance, which was granted by the court.

[A writ of error was sued out in the supreme court, where the judgment of the court below was affirmed. 4 How. (45 U. S.) 353.]