## McDONALD *et als. v.* THE BEAR RIVER AND AUBURN WATER AND MINING CO.

PLAINTIFFS file their bill in equity to enjoin defendants from diverting a certain quantity of the water of Bear river, alleging that their right to one thousand inches of the water of that stream, as against defendants, was adjudicated in a former action. In that action, which was trespass for the diversion of the water, it was alleged that this quantity of the water of the stream had been appropriated by the plaintiffs for mill purposes ; that such quantity was necessary for their use, and that defendants had diverted the same, to their damage, etc. Plaintiffs had verdict and judgment for $21,800 damages. *Held*, that the averments are insufficient to entitle plaintiffs to an injunction ; the scope of the bill being simply to enforce in equity plaintiff's alleged right to one thousand inches of water, on the sole ground, that it was adjudged as their right in the former suit.

*Held*, further, that plaintiffs should be permitted, if they desire, to so amend their complaint as to present for determination their legal rights, otherwise the complaint should be dismissed.

A general verdict does not operate as an estoppel, except as to such matters as were necessarily considered and determined by the jury. A verdict is never conclusive upon immaterial or collateral issues.

In an action to recover damages for the diversion of the water of a stream from plaintiffs' mills, an averment as to the precise quantity of water required for the use of the mills, and to which plaintiffs claimed to be entitled, is an immaterial averment; and a recovery of damages would not establish plaintiffs' right to the exact quantity of water claimed, so as to be *res judicata* in a subsequent suit.

In such action for damages, no issue could be taken upon the averment as to the particular quantity of water diverted.

APPEAL from the Tenth District.

To the facts stated in the opinion, add, that the answer in the original action (13 Cal. 220) was general denial, want of jurisdiction, and Statute of Limitations.

· The Judge below first granted a rule to show cause why an injunction should not issue as prayed for. On the return day of the rule, defendants demurred to the complaint, on the ground, among others, that it did not state facts sufficient to constitute a cause of action. The motion for injunction was based on the complaint, and an affidavit as to the fact that the dam and ditch of defendants did divert the water, etc., as averred.

The Court below granted the injunction, and from this order defendants appeal.

*Heydenfeldt*, for Appellants.

1. There was no issue in the original suit between these parties as to the quantity of water. That suit was trespass, and the only point settled was plaintiffs' right to their ascertained damages. (*Oatram* v. *Morewood*, 3 East, 353, and cases cited; *Manny* v. *Harris*, 2 John. 24; *Spoone* v. *Davis*, 7 Pick. 147 ; *Ryer* v. *Atwater*, 4 Day, 431 ; *Smith* v. *Sherwood*, 4 Conn. 276; *Dennison* v. *Hyde*, 6 Id. 508 ; *Hopkins* v. *Lee*, 6 Wheat. 109 ; *Lintzenick* v. *Lucas*, 1 Esp. 43.) And if a verdict or judgment has apparently, but not necessarily covered the ground of the second action, yet it may still be averred and shown that the point to be established was not decided in the first action. (*Snider* v. *Croy*, 2 John. 227 ; *Philips* v. *Berrick*, 16 Id. 136 ; *Wheeler* v. *Van Houten*, 12 Id. 311 ; *Webster* v. *Lee*, 5 Mass. 334 ; *Whitmore* v. *Whitmore*, 2 N. Hamp. 26 ; *Hitchin* v. *Campbell*, 2 W. Bl. 827 ; *Rowe* v. *Farmer*, 4 T. R. 146 ; *Johnson* v. *Smith*, 15 East, 213.)

2. The right to the specific quantity of water not being determined in the former suit, equity will not interfere. (Angell on Water Courses, secs. 444—9 ; Story's Eq. secs. 925—7 ; *Reid* v. *Gifford*, 6 John. Ch. 19 ; *Olmstead* v. *Loomis*, 6 Barb. 160.) A party asking an injunction must set forth title. (*Davis* v. *Lee*, 6 Ves. 784 ; *Whitelegg* v. *Whitelegg*, 1 Brown, 57, and cases cited.)

*E. B. Crocker*, also for Appellants.

1. The *title* to the one thousand inches of water was not involved in the first suit, as, in a case for diverting water, possession in fact is sufficient to maintain the action without title. (2 Chitty's Pl. 789, 769 ; 1 East. 244; 7 Term R. 719 ; 2 Saunders, 113 *a*, note 1.)

Trespass is founded upon an injury to the possession, and a judgment for the plaintiff merely affirms the right of possession, and settles the damages. (4 Conn. 285, 276.) And where there is no special verdict or judgment as to the title, it does not establish the title, or estop the defendant from denying the title. (*Outram* v. *Morewood*, 3 East. 346 ; *Evelyns* v. *Haynes*, cited in the above case; *Standish* v. *Parker*, 2 Pick. 20 ; 18 Pick. 564, affirms case in 2d Pick. ; 4 Gill & Johnson, 345 ; *Bennett* v. *Holmes*, 1 Dev. & Batt. 486.) In order to constitute an estoppel, the very point must have been put in issue on the record and found by the jury. (*Gilbert* v. *Thompson*, 9 Cushing, 348 ; *Eastman* v. *Cooper*, 15 Pick. 276 ; *Wood* v. *Jackson*, 18 Wend. 107 ; *Millett* v. *Foxcraft*, 1 Story, 474; *Spooner* v. *Davis*, 7 Pick. 147 ; *Potter* v.

*Baker*, 19 N. H. 166.)   If the verdict in this case had been for defendants, plaintiffs would not have been estopped, and therefore the estoppel would not be *mutual*, which is necessary.   (2 Smith's Leading Cases, 514–576; 1 Starkie Ev. 193, 220; 15 Miss. 360; 4 Gill & Johnson, 345.)   It is not conclusive, and therefore cannot be set up either as establishing the right, or as an estoppel to defendants, as they have the right to show by proof that the point was not in fact litigated or determined in the former action.   (1 Starkie Ev. 198; 3 Grey, 513; 26 Ala. 504; 4 Com. 71; 9 Cush. 261; 12 Barb. S. C. R. 568.)

Allegations which are merely *prima facie* evidence of issuable facts, are insufficient.   (*Letters* v. *Cady*, 10 Cal. 533.)

In actions for diverting water, the plaintiff may maintain his case, though he does not prove his right to the extent claimed.   (1 Phillips' Ev. 504–510; 3 Id. Cow. & Hill, notes 682 and 376; 9 Conn. 291.)

*C. E. Filkins & T. B. Reardan,* for Respondents.

1. The *title* to the water was in issue in the first suit.   Plaintiffs there claimed as prior locators, alleging that they had prior right to as much water as was necessary for their mills, and that one thousand inches were required.   The general denial of defendants put this allegation in issue.   An action of trespass, as much as any other action, settles the questions in issue.   (*Doty* v. *Brown*, 4 Com. 72; *Bush* v. *Sternburgh*, 4 Cow. 562; *Marsh* v. *Pier*, 4 Rawle, 584; *Collins* v. *Butler*, 14 Cal.; *Cist* v. *Ziegler*, 16 Serg. & R. 285; 17 Id. 319; 2 Hill, 475; 3 Cow. 121; 2 Yerg. 487; 3 Denio, 238.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. and FIELD, C. J. concurring.

This is a suit in equity to enjoin the defendants from diverting a certain quantity of the water of Bear river.   The plaintiffs allege that their right to one thousand inches of the water as against the defendants, was adjudicated in a former action.   The record in such action is made a part of the complaint.   It was alleged in that case that this quantity of the water of the stream had been appropriated by the plaintiffs for mill purposes, that such quantity was necessary for their use, and that the defendants had diverted the same to their damage, etc. The plaintiffs obtained a verdict and judgment for twenty-one thousand eight hundred dollars in damages.   It is contended that by this verdict

and judgment the quantity of water to which the plaintiffs are entitled was conclusively determined, and that the defendants are estopped from putting the same matter again in issue in another suit.  The allegations of the complaint look to equitable relief only, and are not sufficient to authorize a determination of the legal rights of the parties.  If these rights were not determined in the original controversy, the case necessarily falls to the ground.

The principle by which the decision of this case must be governed, has already been passed upon by this Court in *Kidd* v. *Laird*, decided· at the present term.  We there held that a general verdict did not operate as an estoppel, except as to such matters as were necessarily considered and determined by the jury.  Our further examination of the question in this case has not changed our opinion, but furnished us many additional reasons in favor of its correctness.  " In order to constitute an estoppel," said Chief Justice Shaw, in *Eastman* v. *Cooper*, (15 Pick. 276) " the same point must be put in issue, upon the record, and directly found by the jury.  Wherever a point of fact has been so put in issue, and found by a jury, then the record is regarded as conclusive of that fact, whenever it is again drawn in question by the parties, or their privies."  In *Gilbert* v. *Thompson* (9 Cush. 348) the law is declared to' be well settled, " that a judgment in a former action is conclusive only when the same cause of action has been once adjudicated between the same parties, or the same point has been put in issue upon the record, and directly found by the verdict of the jury."  It was held in *Porter* v. *Baker* (19 N. H. 166) that " a fact found by a verdict and judgment, to constitute an estoppel, must be *res judicata;* that which was necessarily and immediately found according to the pleadings, not that on which the verdict was merely based—a fact in issue, as distinct from a fact in controversy."  It is too well settled to be controverted, that a verdict is never conclusive upon immaterial or collateral issues.  (1 Story, 474; 18 Wend. 107; 7 Pick. 146.)

In respect to the controversy upon which this suit is based, we regard the averment in relation to the quantity of water to which the plaintiffs were entitled as immaterial; it was an action for damages, and the right of the plaintiffs to recover could not have depended upon proof of this averment.  If it had appeared that they were entitled to but five hundred inches of water, instead of one thousand, as alleged, and that the quantity to which they were really entitled, or any part of it, had been diverted, the result must still have been the same.  The

jury would have given them a verdict for whatever damages they had sustained.   If they had claimed the entire water of the stream, and the evidence had shown that they were only entitled to a portion of it, their right to recover for what they had actually lost could not have been prejudiced by their claim to a greater quantity than they were in fact entitled to.   And if this be true, how extremely absurd it would be to hold that such a recovery established their right to the extent of the limit which they themselves had assigned to it.

If the defendants are bound by the verdict as it is, the plaintiffs would have been equally concluded by it had it been different.   If the verdict establish the right of the plaintiffs to one thousand inches of water, a verdict for the defendants would have been equally conclusive in their favor, against the right of the plaintiffs to any quantity whatever.   A doctrine involving results so palpably erroneous, cannot, of course, be maintained.   The immateriality of this averment is further shown in the fact, that by the rules of pleading, no issue could be taken upon it.   A denial that the plaintiffs were entitled to a particular quantity of water, would have been clearly insufficient.   Admitting that they were not entitled to the quantity claimed, *non constat* that they were not entitled to a less quantity, and that this quantity had not been diverted by the defendants.

From these views, it follows that the averments in the complaint are not sufficient to entitle the plaintiffs to the relief which they ask.   Upon the return of the cause to the Court below, if the plaintiffs desire to amend their complaint so as to present their legal rights for the determination of a jury, they should be permitted to do so.   Otherwise the case should be dismissed.

The order granting the injunction is reversed, and the cause remanded.