[No. 14509.   Department One. — August 9, 1892.]

S.  C.  LILLIS  ET  AL.,  APPELLANTS,  *v.*  THE  EMI-
GRANT DITCH COMPANY, RESPONDENT.

FORMER ADJUDICATION — ACTION UPON DIFFERENT DEMAND — DEFENSE NOT
CONCLUDED — EVIDENCE OF DIFFERENT DEFENSE. — Although a judg-
ment upon the merits is a conclusive determination respecting the plain-
tiff's right of action, and respecting all matters directly in issue in the
action, and which might have been litigated in respect to the plaintiff's
demand, yet the judgment, as an estoppel, is limited to the right of the
plaintiff to maintain the action in which it was rendered, and a judg-
ment for the defendant does not estop him, in another action upon a dif-
ferent demand, either as to the defense which was pleaded in the former
action, or as to any other defense which might have been interposed
therein, or from showing that the evidence, which established an affirm-
ative defense which defeated the former action, was sufficient also to
establish a different fact, which becomes material to a defense to any
other demand by the same plaintiff.

ID. — JUDGMENT NOT CONCLUSIVE AS TO COLLATERAL MATTERS. — A judg-
ment only concludes the parties as to facts in issue, as distinguished
from facts in controversy, and is not conclusive of any matter which only
comes collaterally in issue, nor of any matter incidentally cognizable;
nor of any matter to be inferred by argument from the judgment; nor of
any collateral facts which are offered in evidence to establish matters
or facts in issue.

ID. — ACTION FOR DIVERSION OF WATER — DEFENSE OF PRESCRIPTIVE RIGHT
— EFFECT OF JUDGMENT — ADMISSION OF ANSWER — EXTENT OF RIGHT.
— In an action for the diversion of water, where the real issue before the
court is as to the right of the defendant to divert the water, the diver-
sion of which is complained of, although the defendant pleaded as a
defense a prescriptive right to divert a certain amount of water, with re-
spect to which he asked an affirmative relief, the amount of the diversion
to which the prescriptive right extends is not a material issue, and is not
conclusively determined by a judgment in favor of the defendant, al-
though the findings state such amount, in accordance with the answer,
and does not preclude him from defending a subsequent action complain-
ing of a greater diversion, by proof of a greater prescriptive right.   The
answer in the former action has only the effect, in the subsequent action,
of an inconclusive admission of the fact stated as to the extent of the
prescriptive right.

ID. — FINDINGS OUTSIDE OF ISSUES IN FORMER ACTION — EVIDENCE — FAIL-
URE TO FIND. — Findings outside of the issues in the former action, as
to the extent of the prescriptive right, not entering into the judgment,
could have no effect in that action, and cannot have any greater effect
in a subsequent action than would any other declaration of the judge
who tried the former action, and car not have the effect, as evidence in
the subsequent action, to require a finding to be made upon an issue
upon which there is no other evidence in support of the claim made.

ID. — DIVERSION OF WATER — EVIDENCE — WASTE OF WATER. — The com-
plaint having averred that the court had decided in the former action
that the defendants had the legal right to divert water enough to fill
their ditch, evidence that after the diversion of the water by means of
the ditch a portion of it was turned back into the stream by a waste-
way is properly excluded.

ID. — PLEADING — EFFECT OF FORMER JUDGMENT — EVIDENCE CONTRARY TO
ADMISSION. — An averment in the complaint that the court had de-
cided certain facts in the former action carries with it the admission
that the decision was sustained by sufficient evidence to support it, and
precludes evidence for the plaintiff to prove the contrary; nor is the
effect of such admission qualified or controlled by an averment in the
complaint of the contrary fact sought to be proved.

APPEAL from a judgment of the Superior Court of
Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Brown & Daggett,* and *Daggett & Adams,* for Appellants.

*W. D. Tupper,* for Respondent.

HARRISON, J. — The plaintiffs brought this action
against the defendant to obtain a judgment declaring
that the defendant is not entitled to divert from the
channel of Cole Slough any greater quantity of water
than forty cubic feet per second, or to divert from said
channel any water whatever, except at times when there
is more than five hundred cubic feet of water per second
passing down the channel, and by the head of defend-
ant's ditch; and that the defendant be perpetually en-
joined from diverting any water from said channel,
except at such times and in such an amount. In their
complaint, the plaintiffs allege, as grounds for such judg-
ment, that in an action brought by them in the superior
court of Tulare County, in October, 1883, against the

defendant, for the purpose of obtaining a perpetual injunction against it from placing or maintaining a dam or other obstruction in Cole Slough, and from diverting from said channel any of the waters thereof by means of its ditch or otherwise, the defendant, in its answer to their complaint, alleged that it had acquired a prescriptive right to divert from said channel, by means of a ditch twenty feet wide at the bottom and forty feet wide at the top, about one hundred cubic feet of water per second, measured under a four-inch pressure, and that plaintiffs' right of action was barred by the statute of limitations; and that upon the trial of the issues in said action, the court found that the plaintiffs' right of action was barred by the statute of limitations, and that the defendant, in the month of December, 1875, had acquired and ever since had the right, as against the plaintiffs, to divert from the channel of said slough, by means of said dam and ditch, a sufficient amount of the waters flowing in said slough to fill a ditch twenty feet wide at the bottom and forty feet wide at the top; upon which findings judgment was rendered that the plaintiffs take nothing by their action.   The complaint herein further alleges, that at the time of the construction of said ditch by the defendant in 1875, it claimed the right to divert from said slough sufficient water to fill the ditch at such times when there was more than five hundred cubic feet of water per second flowing down the channel by and beyond the head of the ditch, but that prior to October, 1883, of the one hundred cubic feet of water per second which was diverted into said ditch, sixty cubic feet were at all times turned back into the channel, and that the defendant had not permanently turned away, or claimed the right to turn away, more than forty cubic feet per second, and had not, prior to October, 1883, acquired the right to divert and permanently turn away from said channel more than forty cubic feet of water per second; that since the twelfth day of October, 1883, and during the pendency of the aforesaid action, the defendant had deepened its said

ditch, and enlarged its carrying capacity, and had diverted and permanently turned away from the channel of the slough one hundred and ninety cubic feet of water per second, and had threatened to, and unless enjoined from so doing would, permanently divert said quantity of water from said channel. The defendant, in its answer herein, traversed the allegations in the complaint, which denies its right to divert the waters of the channel, and alleged, in substance, that by virtue of its acts in December, 1875, and subsequent thereto, it has acquired the right to divert from the channel of said slough a sufficient quantity of water to fill its said ditch; that the capacity of said ditch is sufficient to carry one hundred and ninety cubic feet of water per second, and that it has by means of its said ditch and dam continuously, since December, 1875, diverted that amount of water from the channel of said slough; and that the plaintiffs' cause of action is barred by the statute of limitations. Upon the trial of these issues, the court found in favor of the defendant, and in its judgment adjudged and decreed "that in the month of December, 1875, the defendant acquired the right, and has ever since had and now has the right, as against the plaintiffs and the whole world, to divert from the waters flowing in Cole Slough a sufficient amount thereof to fill a ditch twenty feet wide at the bottom and forty feet wide at the top, to wit, about one hundred and ninety cubic feet of water flowing per second, for the purposes of irrigation." From this judgment, and from an order denying a new trial, the plaintiffs have appealed.

The complaint in the judgment roll in the former action between the parties in the superior court of Tulare County, which was offered in evidence on the part of the plaintiffs at the trial herein, set forth the rights of the plaintiffs as riparian proprietors to the waters of Cole Slough, and alleged that the defendant had, prior to February, 1883, constructed a dam in the channel of the slough, by means of which, and through a ditch leading therefrom which they had also constructed, they had

diverted the waters away from the plaintiffs' lands, and had thereby caused them damage to the amount of ten thousand dollars, and that they threatened to continue said trespass and damage, for which the plaintiffs asked for a judgment of ten thousand dollars damages, and that defendant be perpetually enjoined from maintaining said dam, or diverting any of the waters of said slough. The answer of the defendant therein traversed the allegations of trespass and damage, and, as a separate defense to the plaintiffs' right to maintain the action, alleged that by virtue of its acts, commenced in the year 1875, it had acquired a prescriptive right, by means of a ditch twenty feet wide at the bottom and forty feet wide at the top, and a dam across the channel of the slough just below the head of said ditch, then constructed by it, to divert from said slough about one hundred cubic feet of water flowing per second, measured under a four-inch pressure; and that the plaintiffs' cause of action was barred by the statute of limitations. Upon these issues, the court found that the plaintiffs had not been damaged in any sum of money whatever by any act of the defendant, and also found that the defendant had acquired a prescriptive right to divert from the waters of the slough a sufficient quantity of water to fill its ditch twenty feet wide at the bottom and forty wide at the top, and that the plaintiffs' cause of action was barred by the statute of limitations. The court also found that the defendant had never claimed the right to divert, and had never in fact diverted, any of the waters of said slough, except at times when there was more than five hundred cubic feet of water flowing per second in said slough by the head of the defendant's ditch; and upon these findings judgment was rendered that the plaintiffs take nothing by their suit, and that the defendant recover from them its costs.

It is contended by the plaintiffs that this judgment was a conclusive determination by the court that the right of the defendant to divert waters from said slough can be exercised only to the extent of one hundred cubic

feet of water per second, and to that extent only when there shall flow in the channel of the slough by the head of its ditch more than five hundred cubic feet of water per second, and that by said judgment the defendant is estopped from claiming any other right of diverson of said waters.

A judgment rendered in any action upon the merits is a conclusive determination respecting the plaintiff's right of action upon the demand sued on, and operates as an estoppel in any subseqnent action upon the same demand between the same parties. If the judgment be in favor of the plaintiff, it estops the defendant from afterwards setting up any other defense to the claim than was presented in that action; and if it be in favor of the defendant, it estops the plaintiff from afterwards presenting any other argument or evidence in support of that claim. It is of such a judgment that it is frequently said, that it is conclusive not only as to the matters which were therein litigated, but as to any other matter which might have been litigated therein. It has become a final determination of the rights of the parties in reference to the demand upon which it was rendered. If, however, the defendant in such action sets up a defense which is sufficient to defeat the plaintiff's demand, although the judgment is conclusive against the plaintiff as to any ground or matter which he might have presented in support of such demand, yet in an action by him against the defendant upon another demand, it is not conclusive upon the defendant, either as to the defense which was pleaded therein, or as to any other defense which he might have interposed to the action. A judgment in favor of a defendant upon an affirmative defense to the plaintiff's demand conclusively establishes the existence of the fact which constitutes that defense, and estops the plaintiff from questioning its sufficiency to defeat his cause of action, or from maintaining another action upon the same demand. It does not, however, estop the defendant, in an action upon another demand, from showing that the evidence by which that fact was

established is sufficient to establish a different fact, nor does it limit such evidence to the determination of the defense which was then before the court. The issue then tried by the court was the right of the plaintiff to maintain his action, and the judgment as an estoppel is limited in its operation to that issue; but the fact by which the defendant defeated the plaintiff's right of recovery is not so limited, and may be invoked by him in support of a defense to any other demand by the same plaintiff. As to the successful party, the judgment is conclusive in favor of his right, but not as to all the means which he might have presented for the purpose of establishing that right. In other words, it is conclusive upon the issues, but not upon the facts necessary to establish those issues. In any other action between the same parties upon a different demand, though involving facts which were litigated in the former action, such judgment is conclusive only as to the same matters in issue which were determined in the former action, and which were also essential to the rendition of the judgment. It was stated by Lord Chief Justice De Grey in the Duchess of Kington's case, that "neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter which only came collaterally in question, though within their jurisdiction; nor of any matter incidentally cognizable; nor of any matter to be inferred by argument from the judgment." "The matter adjudicated, to become as a plea, a bar, or as evidence conclusive, must have been directly in issue, and not merely collaterally litigated. (1 Greenl. Ev., sec. 528; *Fulton* v. *Hanlow*, 20 Cal. 451, 486; *McDonald* v. *B. R. W. & M. Co.*, 15 Cal. 145; *Hopkins* v. *Lee*, 6 Wheat. 109.) It must be a fact 'immediately found according to the pleadings, not that on which the verdict was merely based, — a fact in issue as distinct from a fact in controversy.' (*Potter* v. *Baker*, 19 N. H. 166; *McDonald* v. *B. R. W. & M. Co.*, 15 Cal. 145.)" (*Caperton* v. *Schmidt*, 26 Cal. 494.) "A fact or matter in issue is that upon which the plaintiff proceeds by his action, and which the de-

fendant controverts in his pleadings; while collateral
facts are such as are offered in evidence to establish
the matters or facts in issue; and notwithstanding they
may be controverted at the trial, they do not come
within the rule." (*Garwood* v. *Garwood*, 29 Cal. 521.)

In *Cromwell* v. *Sac Co.*, 94 U. S. 351, the plaintiff had
brought an action against the defendant upon certain
coupons, in which judgment was rendered in favor of the
county, upon the ground of fraud and illegality in the
original issuance of the bonds. Subsequently, the plain-
tiff in this action, who was the real party in interest in
the former action, brought another suit upon other cou-
pons on the same bonds, and although it was contended
that the former judgment was an estoppel against the
recovery, yet it was held otherwise, and that the plain-
tiff was not estopped from proving that he had paid
value, and was a *bona fide* purchaser, since the former
judgment was not a conclusive determination that the
bonds were invalid, but was conclusive only upon the
fact that they were invalid in the hands of one who had
not paid value for them. In *Campbell* v. *Consalus*, 25
N. Y. 613, an action had been brought to declare a mort-
gage satisfied, on the ground that it had been paid, and
an accounting between the parties was had therein, from
which it was ascertained that there was $2,788 unpaid
thereon, and thereupon judgment was rendered dismiss-
ing the action. Afterwards an action was brought to
foreclose the mortgage, and it was contended that the for-
mer judgment was conclusive as to the amount unpaid
thereon, but it was held otherwise, upon the ground that
the amount due on the mortgage was not put in issue
in the former action, but only the fact whether the mort-
gage had been fully paid, and that the amount that was
unpaid was only incidental and collateral to this main
issue. (See also *Lewis and Nelson's Appeal*, 67 Pa. St.
153; *King* v. *Chase*, 15 N. H. 9; *Moulton* v. *Libbey*, 15
N. H. 480; *Stannard* v. *Hubbell*, 123 N. Y. 520. In *Sweet*
v. *Tuttle*, 14 N. Y. 465, it was held that where the defend-
ant, together with five others as plaintiffs, had brought

an action in which a judgment was rendered against them, he was not estopped, in a subsequent action against him by the defendant in the former action arising out of the same transaction, from showing that seven others were jointly liable with him, and ought to have been joined as defendants in said action.

When, therefore, in the second action the former judgment is offered in evidence, it is necessary to ascertain, in the first instance, whether the cause of action upon which it was rendered is the same as that under prosecution, and if so, it becomes, as a matter of law, conclusive upon the rights of the parties in the second action. If, however, the cause of action or demand upon which the former judgment was rendered is different from the one prosecuted in the second action, it is then necessary to ascertain, as a question of fact, what issues or matters were determined in the former action, and then to determine, as a matter of law, whether those issues and their determination were essential to the former judgment; for it is only issues upon which that judgment depends that the parties are estopped from litigating in any other action. (1 Greenl. Ev., sec. 528.) Matters which were merely collateral or incidental to the former determination do not constitute an estoppel, even though they were litigated and decided therein; and the evidence which was introduced in support of such issues may always be introduced in support of a defense in any other action. The judgment in such a case does not become an estoppel as to all matters which might have been litigated therein, but only as to such as were actually litigated, and which were necessary to be determined by the court before rendering its judgment upon the demand or the defense. For example, if, in a suit in ejectment, the defendant alleges and proves a right to the possession of the land by virtue of having acquired an estate therein for years, he will not be precluded, in a subsequent action against him by the same plaintiff to quiet title to the same land, from showing that he was, at the time of the former

judgment, the owner in fee of the land. "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included herein, or necessary thereto." (Code Civ. Proc., sec. 1911.)

The former action between the parties hereto was brought by the plaintiffs for the purpose of recovering damages resulting from the diversion of the water, and to prevent the defendant from making any further diversion. The issue presented by the plaintiffs for determination by the court was the right of the defendant to make any diversion of the water, and for the purpose of meeting that issue it was incumbent upon the defendant to establish a right of diversion to such an extent as would preclude the plaintiffs from a recovery; but the limit of the extent to which that right had been acquired was immaterial, except as a matter of evidence upon the controverted fact in issue. If it had such right, the plaintiffs. had no right to recover damages therefor, however much loss they might have suffered. The first question, then, to be determined, and the real issue before the court, was the right of the defendant to do the act which the plaintiffs charged as an invasion of their rights. If that right existed, the plaintiffs' cause of action fell, and for the purpose of showing that such right did exist, the defendant pleaded and the court found that all the water which the plaintiffs showed to have been diverted by the defendant was taken under a right acquired by it by prescription. The amount of the diversion to which that prescriptive right extended was not an issue in the case. The court was not called upon to determine the extent of the prescriptive right, but only whether the diversion shown by the plaintiffs was within the limits of that right. The defendant did not seek any affirmative relief by reason of this prescriptive right thus set up, but had merely pleaded it as a defense to the plaintiff's demand. It was incumbent upon the plaintiffs, in order to maintain their demand,

to show to the court the entire extent of the diversion complained of, but it was only necessary for the defendant to show such facts as would defeat the showing made by the plaintiffs. If the judgment had been in favor of the plaintiffs, it would have been a conclusive determination against the defendant, by which it would have been estopped from afterwards showing a right to any diversion of the water; but the judgment in favor of the defendant only determined that the plaintiffs had no right to recover damages for any diversion that had been made by it, and did not estop the defendant from showing, in another action, that its prescriptive right was greater than was necessary for the defeat of the plaintiff's claim in that action. In *McDonald* v. *Bear R. & M. Co.*, 15 Cal. 145, the plaintiff, in a former action to recover damages for the diversion of water, had alleged the right to one thousand inches of water, as against the defendants, and had recovered a verdict against them for damages. In a subsequent action to enjoin them from diverting water from the stream, it was contended that the plaintiff's right to this quantity of water had been determined in the prior action, but the court held that the averment in regard to the quantity of water to which the plaintiff was entitled was immaterial, and that his right to recover could not have depended upon such proof.

Upon the allegations and the evidence before it, the court found in the present case that in the month of December, 1875, the defendant, under a claim of right, appropriated and diverted a portion of the waters flowing in said Cole Slough, sufficient to fill a ditch twenty feet wide on the bottom and forty feet wide on the top, leading out from Cole Slough, and had, each and every year since said month, continuously, and by means of of the same ditch and the same dam, under the same claim of right, taken and diverted sufficient water to fill said ditch for the purposes of irrigation, adversely to the plaintiff and the whole world, and that said ditch is of sufficient capacity to carry about 190 cubic feet of

water flowing per second, and that defendant has, by means of said ditch and dam as aforesaid, under the same claim of right, and in the same manner during the same time, carried, taken, and diverted from said slough about 190 cubic feet of water flowing per second; and as a conclusion of law, that it had acquired a prescriptive right to divert that amount of water from the slough. The evidence before the court was sufficient to sustain this finding, unless the judgment in the former action was conclusive against the right of the defendant to divert more than one hundred cubic feet of water per second; but, as we have before seen, that judgment cannot be regarded as conclusive against the defendant upon this point. The judgment itself was merely a determination that the plaintiffs had no right to recover damages against the defendant for any diversion that it had made, and aside from its determination of the facts implied in its finding upon the statute of limitations, the only issue determined by the court which was essential to the judgment was, that the defendant had acquired a right "to divert from the waters flowing in Cole Slough a sufficient amount thereof to fill a ditch twenty feet wide at the bottom and forty feet wide at the top, to be used for the purposes of irrigation." The effect of this judgment, and also of the determination of this issue, is not limited by the fact that the defendant therein, in its answer, in addition to its plea of the statute of limitations, alleged that it had acquired the right to divert one hundred cubic feet of water per second. That allegation was only a statement made by the party for the purpose of meeting the plaintiff's demand. As an admission in the action in which it was made, the defendant would have been bound, but in any other action it would have no higher effect than any other statement. (*Boileau* v. *Rutlin*, 2 Ex. 681.) "As a mere statement or allegation, it had no greater effect than any other mere admission or assertion of a party respecting a material fact. As an admission, it was evidence, but not conclusive. In the judgment there was no determina-

tion of the fact.   On the contrary, it simply shows that
the plaintiffs failed in their action, and that the defend-
ant recovered his costs." (*Sweet* v. *Tuttle*, 14 N. Y. 470.)
The court did not purport, either in its finding or in its
judgment, to determine the extent to which the defend-
ant had acquired the right to divert the waters.   It did
determine that it had the right to divert a sufficient
amount to fill a ditch of certain dimensions, but did not
determine what that amount was, or the capacity of the
ditch.   In the present case it determines that that ditch
is of sufficient capacity to carry about 190 cubic feet of
water flowing per second, and that that is the amount
which the defendant has, during the exercise of its
prescriptive right, taken and diverted from said slough.
The evidence was sufficient to sustain the finding of the
court, that the capacity of the ditch was sufficient to di-
vert this amount of water per second.   The contention
of appellants, that there was uncontradicted testimony
that in a certain part of the ditch its capacity was much
less, does not impair the testimony respecting the ca-
pacity of the ditch at the point of diversion.   The sec-
tion of the ditch to which this evidence of the plaintiffs
was directed was about three miles below the point of
diversion, and the testimony as to its capacity at that
point is not inconsistent with the testimony respecting
its capacity at the point of diversion, since it was shown
that much of the water was taken from the ditch before
it reached that point.

The failure of the court to find upon the claim of the
plaintiffs, that the defendant had no right to divert any
of the waters of the slough, except at times when there
is more than five hundred cubic feet of water in the
channel, flowing past the head of the defendant's ditch,
cannot be regarded as error.   The plaintiffs were not
entitled to a finding upon this issue, unless there was
evidence before the court in support of their claim, nor
unless a finding thereon would counteract the other find-
ings to such an extent as to invalidate the judgment.
The only evidence in support of the averment is the

finding to that effect made by the court in the former action; but as that finding was outside of the issues in that action, and did not enter into the judgment therein, it could not have any effect in that action, and cannot have any greater effect as evidence in the present action than would any other declaration made by the judge who tried the former action. (See *People* v. *Johnson,* 38 N. Y. 63; 97 Am. Dec. 770; *Springer* v. *Bien,* 128 N. Y. 99.)

The plaintiff Lillis was asked whether, prior to the twelfth day of October, 1883, the water that was diverted at the head of defendant's ditch was carried down to a point between two and three miles below the headgate of the defendant's ditch, and then a portion of it at that point turned back into a waste-way, through which it returned to the slough. This question was objected to, and the answer excluded by the court. In this ruling the court did not err.

The plaintiffs had alleged in their complaint, that in the action brought by them against the defendant, October 12, 1883, it had been decided by the court that the defendant had, prior thereto, acquired the right to divert, by means of its ditch and dam, from the waters flowing in the slough, a sufficient amount thereof to fill a ditch twenty feet wide at the bottom and forty feet wide at the top, and had, since the month of December, 1875, continuously, by means of that ditch, and under its said claim of right, taken and diverted sufficient water to fill said ditch. This averment of such decision by the court carried with it the admission that the decision was sustained by sufficient evidence, and was in accordance with the fact, and was itself an admission of record, which was inconsistent with the evidence thus offered, and which the plaintiffs could not be permitted to contradict. The effect of the admission was not qualified by a previous averment in the complaint, that the defendant had not, in fact, at any time prior to October 12, 1883, permanently diverted more than forty cubic feet of water per second from the

slough, for such averment was itself contradictory to the averment of what the court had decided, and between the two inconsistent averments, that respecting the decision of the court has the greater weight, and must be taken against the plaintiff.   Upon the case presented in their complaint, the plaintiffs, by this averment of the decision of the court, conceded, in legal effect, the right of diversion from the slough of water enough to fill the ditch, and it was immaterial that, after such diversion had been rightfully made by the defendant, some of the water found its way back to the slough.   The plaintiffs, moreover, did not attempt to show that the defendant caused any of the water that had been diverted by it to be returned to the slough.

The judgment and order are affirmed.

GAROUTTE, J., concurred.

PATERSON, J.—I concur.   I do not think it was essential in the former action for the court to determine the quantity of water flowing through the ditch, but if it was material, such quantity was not fixed.   The court, by its decree in this action, has made certain that which was left uncertain in that respect in the former case, where the findings described the quantity as being "sufficient to fill a ditch twenty feet wide at the bottom and forty feet wide at the top."   Neither the findings nor the judgment in that case attempt to fix the number of cubic feet of water, and as neither the depth of the ditch nor its grade is given, it is impossible to tell what the capacity of the ditch was.   It is true, the defendants, in their answer in that action, claimed that they had acquired by appropriation " the right to divert from said Cole Slough, and to use for the purposes of irrigation and other purposes, as aforesaid, *about one hundred cubic feet of water flowing per second, measured under a four-inch pressure, of the waters thereof";* but as counsel for appellants himself states, the addition of the words "measured under a four-inch pressure" makes the whole

description "a hydraulic absurdity. One hundred cubic feet of water per second is one thing. One hundred cubic feet of water measured under a four-inch pressure is altogether a different thing. In calculating the discharge of flowing water, the principles of hydraulics require that the discharge shall be measured by time or by pressure, and a discharge cannot, in the nature of things, be estimated by time and pressure together."

The decree in this case describes the ditch exactly as it was described in the former action.