DEXTER R. WRIGHT AND OTHERS *vs.* THE NORTH SCHOOL DISTRICT.

A school district meeting was called "for the purpose of obtaining information with regard to the recent assessments upon the property in the district." At the meeting a vote was passed appointing a committee to make the investigation, with power to employ counsel. The committee employed counsel, who instituted certain legal proceedings. Held that the warning of the meeting did not authorize a vote under which legal proceedings could be instituted, and that the district was not liable for the services of the counsel employed.

A later meeting was called " to take action with regard to rescinding the doings" of the former meeting, at which it was voted not to rescind. Held that, as the original vote was itself illegal, no inhabitant of the

district was under the necessity of attending a meeting for the purpose of rescinding it, while the vote not to rescind could not give effect to the original vote.

[Argued December 9th, 1885—decided March 12th, 1886.]

ACTION to recover for services as attorneys at law; brought to the Court of Common Pleas, and tried to the court before *Torrance, J.* Facts found and judgment rendered for the plaintiffs. Appeal by the defendants. The case is fully stated in the opinion.

*L. N. Blydenburgh*, for the appellants.

*W. L. Bennett*, for the appellees.

PARDEE, J. In December, 1882, the committee of the North School District in the town of Orange posted a notice for a meeting of the voters therein, "for the purpose of obtaining information with regard to the recent assessment upon the property situated in said district." At that meeting the following vote was passed:—"Whereas, the management of the affairs of the Allingtown School District having proved unsatisfactory to many of the residents of said district, be it therefore resolved, that this meeting appoint a committee of two, who shall employ the services of a competent person residing outside of Allingtown district to audit the accounts of said district; said auditing of accounts to go back as far as may be found necessary by said committee and auditor. Said committee shall have power to employ counsel if necessary." Messrs. Ansel Hurlburt and John P. Forbes were appointed by the meeting to act as such committee.

The committee so appointed at once entered upon the duties of its appointment, and applied to the officers of the district for information as to the financial affairs of the district, and for leave to examine the books thereof, but were refused all such information, and leave to examine the books or accounts was denied.

The committee then applied to the plaintiffs, a firm of

VOL. LIII—37

legal practitioners, for counsel and advice in the matter. As part of the means employed for the purposes for which the committee was appointed the plaintiffs brought a suit for an injunction. More than half of their claim is on account of this suit.

On March 7th another meeting was holden upon the following notice:—

"Notice. March 3d. All legal voters of the North School District, town of Orange, are hereby warned to meet at their school house in said district on Wednesday, March 7th, 1883, at half past 7 o'clock P. M., to take action in regard to rescinding the doings of a former meeting, held on the 16th December, 1882, to rescind a resolution to appoint a so called investigating committee. Wm. M. Gilbert, District Committee."

The following is the record of the proceedings of this meeting:—"Motion made and seconded that a resolution passed on the 16th December, 1882, be rescinded. Voted, not to rescind, by a majority of one. Voted, to adjourn."

The legal assessment of a tax by a school district involves public notice, public meeting, and a record accessible to all persons interested. Presumptively knowledge of all attendant facts must be in possession of individuals within the district; therefore a notice to meet for the purpose of obtaining information imports no more than that, at a fixed time and place, those who by virtue of their office have that knowledge will be present and impart it to those who may desire it, upon simple inquiry, and inexpensively. Presumably no voter would be unwilling to receive it upon those terms; presumably also many would be unwilling to pay therefor the cost of a bill in equity. No one of them was bound to find in the notice warning of such possibility as this last. In the speech of the people, when a man says that he intends to obtain information upon a specified subject, he is not as a rule understood to mean that he will accomplish his purpose at the cost of proceedings in court. A school district is to be made responsible for the expenses of legal proceedings instituted by individuals for the pur-

pose of testing the validity of an assessment only upon a vote plainly declaring or necessarily implying that it will be thus bound, passed at a meeting upon a notice expressly setting forth such vote to be a purpose for which it is called. Therefore the meeting of December 11th, 1882, could not legally bind the district to the payment of the expenses of the bill in equity for the purpose of obtaining information. And inasmuch as the district had come under no obligation to do this by reason of any vote passed thereat, no voter was required to attend the meeting called to rescind; the immunity of the district was perfect; no subsequent inaction could affect it; it could be taken from it only by positive vote, upon clear notice, that it would pay.

There is error in the judgment complained of.

In this opinion the other judges concurred.