Woodward v. Reynolds.

WILLIAM A. WOODWARD AND OTHERS *vs.* JAMES REY-
NOLDS AND OTHERS.

New Haven & Fairfield Cos., Jan. T., 1890. ANDREWS, C. J., CARPEN-
TER, TORRANCE, LOOMIS and FENN, Js.

A resolution of the General Assembly passed in 1888 empowered the town
of New Haven to issue its bonds to an amount not exceeding $200,000,
to be used exclusively for the extension and improvement of the public
park system of the town; the act to take effect when accepted at a
special town meeting to be called by the selectmen; and the meeting
to have power to take action with respect to the issuing of the bonds,
and their form and terms. A later section provided that the park com-
mission, created by the act, should not make any expenditure, or con-
tract for any, "exceeding the amount which shall have been previously
appropriated by the town for its use." At a meeting warned and held
for the purpose the town accepted the resolution of the General Assem-
bly and voted "that the selectmen and treasurer are hereby directed to
prepare suitable bonds as authorized by said act, not exceeding $200,000,
of the tenor, character and terms hereinafter provided, and are author-
ized to dispose of them in such amounts and at such times as shall be
required by the park commission, to provide the sums made necessary
by said commission in its proceedings under said act." Held that this
vote constituted an "appropriation" within the meaning of the reso-
lution.

And held, upon the suit of parties of whom the park commission had pur-
chased lands for a public park, that it was the duty of the selectmen
and treasurer of the town to issue bonds within the limit prescribed, to
an amount sufficient for payment for the lands.

[Argued January 24th—decided March 3d, 1890.]

AMICABLE SUBMISSION upon an agreed statement of facts;
brought to the Superior Court in New Haven County and
reserved for the advice of this court. The case is fully
stated in the opinion.

*H. T. Blake*, for the plaintiffs.

*J. P. Pigott* and *W. S. Pardee*, for the defendant.

TORRANCE, J. The general question arising upon the
facts set forth in the submission in this case is, whether it is

the duty of the selectmen and town treasurer of New Haven to issue the bonds of the town for the payment of land purchased by the New Haven Public Park Commission under the resolution of the General Assembly and the votes of the town of New Haven referred to in the submission.

It is agreed in the submission that the resolution has been accepted and ratified by the town; that the commission has been lawfully constituted under the resolution; that the town in June, 1889, passed certain votes which in terms at least provide for the execution and issue of bonds under the resolution; that acting under the resolution and votes aforesaid the commission has in fact purchased or bargained for lands of the plaintiffs for a public park for the price of five thousand dollars; that the purchase was made in November, 1889; that the plaintiffs have tendered a deed of the land acceptable to the commission; that before the deed was so tendered the town of New Haven, at its annual town meeting held in December, 1889, passed certain votes which in terms at least prohibit the issuing of bonds to pay for the land; and that both prior to and after the passage of the last named votes the commission requested the selectmen and town treasurer to issue the bonds for that purpose, and that they refused to do so.

The selectmen and town treasurer say they are willing to issue the bonds as requested, "provided they are not legally prevented by said votes at the annual town meeting of December, 1889."

Perhaps the case at bar could be disposed of by a decision upon the validity and legal effect of the votes passed at that meeting, but inasmuch as, from the briefs submitted on behalf of the town, doubts seem to be entertained as to whether, even if no such votes had been passed, it would be the duty of the selectmen and town treasurer to issue the bonds to pay for the land, we will consider the case in that aspect also.

It is quite unnecessary to consider the legal effect of the votes passed at the annual town meeting, for we are satisfied from an examination of the record that all of the votes

which can in any way affect this case are invalid and of no legal effect, because the warning of the meeting at which they were passed contained no notice that any such matter would be brought before the meeting for action. Under our statute and according to the decisions of this court such an omission rendered the votes of no legal effect. *Hayden* v. *Noyes*, 5 Conn., 391; *Wright* v. *North School District*, 53 Conn., 576.

The action of the town then at the annual town meeting, may, so far as the votes in question are concerned, be laid out of the case. It may be claimed, however, that the resolution of the General Assembly itself, in section four, prohibits the commission from making "any expenditure or contract for expenditure involving liability of the town or city of New Haven exceeding the amount which shall have been previously appropriated by the town or city of New Haven for their use;" and it is claimed that at the time of the purchase in question here no such appropriation had been made, and that therefore the commission could not bind the town by such purchase. Just what effect is to be given to the language quoted above from section four of the resolution, it is unnecessary now to decide, for if we give it the utmost effect that can be claimed for it the questions involved in the case at bar are in no wise affected.

So far as we know it is not claimed that the commission could not make the purchase in question here so as to bind the town provided a sufficient appropriation had previously been made, but it is denied that such appropriation had been made. Inasmuch as, if such an appropriation was made at all in the present case, it was made at the special town meeting of the town of New Haven held in June, 1889, it becomes necessary to examine the resolution itself and the action of the town thereunder as shown by its votes passed at that special meeting. Section one of the resolution reads as follows:—"That the town of New Haven be and it is hereby authorized and empowered to issue its bonds to an amount not exceeding two hundred thousand dollars, payable in not more than fifty years from their dates, and bear-

Woodward v. Reynolds.

ing interest not exceeding four per centum per annum, payable semi-annually, in such manner and form as shall be voted by a town meeting duly warned and held for that purpose. Such bonds shall be used solely for the extension and improvement of the public park system of New Haven, in the manner hereinafter provided." Section nine reads as follows:—" This act shall take effect when ratified and accepted at a special town meeting of the town of New Haven, to be called for that purpose by the selectmen of the town within thirty days after the passage and approval of this act; and said meeting shall also have power to take action with respect to the issuing of the bonds herein provided for, and to adopt all suitable regulations respecting the form, terms and ultimate payment of the same."

Pursuant to the provisions of the last resolution a special town meeting was called to meet on the 13th of June, 1889. The warning of the meeting contained among other matters the following:—"And also, if said resolution should be accepted, to take action with respect to the issuing of said bonds, and to adopt suitable regulations respecting the form, terms and ultimate payment of the same." At the meeting held in pursuance of this warning, in connection with a vote prescribing what the tenor, character and terms of the bonds should be, the following vote was passed:—" *Voted*, That the selectmen and town treasurer be and are hereby directed to prepare and procure suitable engrossed bonds, as authorized by said act, not exceeding two hundred thousand dollars in total amount, bearing interest at a rate not exceeding three and a half per cent per annum, and of the tenor, character and terms hereinafter provided; and are further authorized to dispose of said bonds from time to time at not less than par and accrued interest, in such amounts and at such times as shall be required by the park commission to be constituted under the provisions of said act, in order to provide the sums made necessary by said commission in its proceedings under said act."

Whatever opinion may be held as to the effect of these votes, no question, so far as we know, has been, or indeed

can be, raised as to the power of the town to pass them. They are within the power conferred by the resolution, and the warning of the meeting contained a sufficient notice that the town would or might take the action indicated by the votes.

The only question then is, whether these votes constitute an appropriation by the town within the meaning of section four of the resolution.

To "appropriate," according to one of the meanings given to the words by Webster, is "to set apart a sum of money for a particular object." In *State* v. *Bordelon*, 6 La. Ann., 68, the court asks what is the meaning of the word appropriate," and answers as follows:—"It is to allot, assign, set apart, or apply anything to the use of a particular person or thing or for a particular purpose." Now in the case at bar, after the bonds are issued by the town, the resolution itself provides that they shall be used solely for the extension and improvement of the public park system in the manner provided in the resolution. This is in itself an appropriation of the bonds by legislative provision, but it is claimed that it is not the appropriation referred to in the fourth section of the resolution, and obviously it is not. Did the town then by the votes aforesaid make an appropriation within the meaning of section four? We think it did.

Its agents, appointed for such purpose by the resolution itself, are directed and empowered by the town to procure the bonds provided for in the resolution; the number and amount to be so procured and issued are specified; ample provision is made for their proper execution, authentication, and custody until they shall be issued and used; it is further provided that they shall be disposed of for the purpose of providing a fund for the use of the commission under the resolution; and finally these agents are fully empowered and directed to issue them from time to time as required for the needs of the commission. In this action of the town it is difficult to see what element or essential of a complete appropriation is wanting. There remained nothing more for

the town to do. If the town had been called together prior to the purchase here in question and after the passage of the votes, to make an appropriation with reference to the purchase of the land, it could only have instructed its agents to do what it had already empowered and directed them to do.

The resolution itself provides in section six as follows:— " The bonds authorized in the first section of this act shall be prepared by the selectmen and town treasurer of New Haven, and shall be issued by them from time to time in such amounts as the park commission shall require. Such bonds shall in no case be sold or disposed of for less than par, and the avails of such as shall be issued shall be kept by the town treasurer as a special fund, subject to the orders of the park commission, and shall be paid by him only on such orders."

Construing the votes in the light of this language of the resolution, we think they clearly make an appropriation, even within the meaning of section four of the resolution. To construe them otherwise would, we think, defeat the manifest intent and purpose of the town in passing them.

Upon the facts set forth on the record we advise the Superior Court that it is the duty of the selectmen and town treasurer of the town of New Haven to issue, in accordance with the terms of said resolution of the General Assembly and of the votes of the town of New Haven passed at the special town meeting held in June, 1889, the bonds of said town to an amount sufficient to pay the plaintiffs' claim, and therefore that judgment should be rendered for the plaintiffs.

In this opinion the other judges concurred.