WHEELER & WILSON MANUFACTURING COMPANY v.
ALICE BUCKHOUT.

1. A person may be qualified to testify as an expert either by study without practice or by practice without study, but not by mere observation without either study or practice.
2. On the trial it was material to determine the genuineness of a signature purporting to be that of defendant.   A witness was called and it was proposed to ask him to compare it with certain genuine signatures, with a view to the expression of an opinion thereon.   It appeared that the witness had for many years been engaged in a business which

required him to compare signatures to determine their genuineness. *Held*, that the evidence of such practice showed that he was possessed of the qualifications of an expert to testify on the subject on which he was offered, and that it was error to exclude his testimony because he had not made a special study of chirography.

. On *certiorari* to Hudson Common Pleas.

Argued at November Term, 1896, before Justices DEPUE, MAGIE and GUMMERE.

For the prosecutor, *John W. Bissell.*

For the defendant, *John I. Weller.*

The opinion of the court was delivered by

MAGIE, J.   This *certiorari* has brought before us a judgment in favor of Alice Buckhout, the defendant, against the Wheeler & Wilson Manufacturing Company, the prosecutor, entered in the Hudson Common Pleas upon an appeal from a judgment of the District Court of the city of Hoboken.

Among the reasons assigned for the reversal of this judgment there is but one which is deemed to require consideration.   By that reason it is charged that legal evidence offered by the prosecutor was excluded by the trial judge.

By the state of the case it appears that the action was brought by Mrs. Buckhout to recover damages for an assault and battery committed upon her by certain persons claimed to have been in the employ of prosecutor, for whose acts it was responsible, in the attempt to remove from her possession a sewing machine which belonged or had belonged to the prosecutor.   It also appears, both from the evidence and the charge of the judge, that it was a question in the case whether Mrs. Buckhout had acquired title to the machine although not paid for, or had possession of it under a contract of sale, conditioned that the title thereto should remain in prosecutor until it was paid for, and with the right reserved to prosecutor to take possession of it on default in payment.   Prose-

cutor produced a written paper purporting to be signed by Mrs. Buckhout.   If signed by her it established the fact that the sale was conditional, and that no title had passed to her. But when shown the paper she denied that the signature appended to it was hers.   It became important for prosecutor to establish its genuineness.

To that end the prosecutor asked her to write her name, which she did three times while upon the witness-stand.   It also produced other signatures which she admitted had been made by her.   It then called John G. Fisher, who testified that he was the county clerk, and that, previous to becoming clerk, he had been employed in the clerk's office; that his whole service there extended over a period of nearly twenty-five years; that during that period, part of his duty had been to compare the signatures of notaries, commissioners and other officials upon instruments brought to the clerk for his certification, with the genuine signatures of such officials remaining in the office, for the purpose of determining whether the signatures produced could be properly certified to be genuine.   He also testified that the signatures certified to amounted to about three thousand a year, but that he did not compare all of them.

Thereupon, prosecutor proposed to ask the witness to compare the signature to the written paper produced with the signatures made by Mrs. Buckhout while on the witness-stand. The trial judge refused to permit the witness to make the comparison or to testify in respect to it.   In this ruling I think there was error, for the rejection of the evidence was put not on the ground of any failure in proof of a long experience in comparing signatures and expressing a judgment on their genuineness, but on the ground that, to qualify the witness as an expert, prosecutor must show that he had, to use the language of the trial judge, made a special study of chirography.

An expert witness is one possessed of special knowledge or skill in respect of the subject upon which he is called to

testify. Mr. Lawson lays down the rule that one may be qualified as an expert witness by study without practice or by practice without study. *Laws. Ex. & Sp. Ev.* 210. He justly adds that mere observation, without either study or practice, will not be sufficient. But in the case in hand, Mr. Fisher was offered as an expert not because of his familiarity with handwriting or signatures generally, but because the evidence established a long course of practice in comparing signatures and determining their genuineness. It is impossible to conceive that he did not thereby acquire a special skill upon that subject not possessed by others. It is precisely upon this ground that rests the admission to testify as experts of tellers and cashiers of banks, who have acquired their experience and skill by the practice of comparing the signatures to checks, drafts and notes passing through the banks with signatures known to be genuine. It has been the constant practice in this state to admit such evidence, and the experience of Mr. Fisher, shown by his testimony, is precisely like that on which the evidence of tellers and cashiers has been admitted.

It was error to exclude his evidence because he had not made a special study of chirography, and for this error the judgment must be reversed.