———————o———————

No. 4163.

(Court of Appeal, Parish of Orleans.)

MAURICE FEITEL vs. CITY OF NEW ORLEANS ET ALS.

ON MOTION TO DISMISS.

1.  No appeal lies from an interlocutory judgment when such judgment may not cause an irreparable injury.
2   An order dissolving an injunction on bond is interlocutory.
3.  It is well settled that no appeal lies from an order dissolving an injunction on bond in compliance with Art. 307 C. P. where the facts of the case show, as found in the petition, that the dissolution can work no irreparable injury to plaintiff.
4.  Where the allegations of the petition make it evident that

the injury is compensable in money there is then no irreparable injury.

Appeal from Civil District Court, Division C.

Solomon Wolff, for plaintiff and appellant.

S. L Gilmore and StClair Adams, for defendant and appellee.

MOORE, J.   This is an appeal from an interlocutory decree dissolving an injunction on bond.   The ground urged therefor is that forasmuch as neither the act prohibited by the injunction, nor the interlocutory judgment dissolving the injunction on bond, can work an irreparable injury to the plaintiff, no appeal from the dissolving order can lie.

The substantial averments of the petition are that on the 17th day of October, 1906, the Comptroller of the City of New Orleans, acting under proper authority, sold at public auction to petitioner certain buildings situated in a certain square in the said city, the said buildings to be demolished and removed by the plaintiff by a certain day; that the price of his bid was duly paid; that he was preparing to demolish and remove the buildings when the said city, through the Honorable Alex. Pujol, Commissioner of Police and Public Buildings for said city, and one E J. Lamothe, doing business under the name of the Chicago Demolishing Co., hindered and prevented petitioner from demolishing and removing said property; that the said city through said parties is itself demolishing and removing said buildings; that as the plaintiff is the owner of said property by reason of the purchase as aforesaid and as "it is doubtful whether the City of New Orleans and the said Pujol and the said Lamothe can respond to any judgment which may be rendered against them for such damages as petitioner may sustain in the premises by the acts of said defendants or either of them" a writ of injunction directed against said city, inhibiting it from interfering with petitioner in the demolition and removal of said buildings should issue; that petitioner's rights under his purchase as aforesaid be recognized and enforced and that the injunction be perpetuated, etc.

The writ prayed for was duly granted upon petitioner furnishing bond in the sum of twenty-five hundred dollars which

bond was duly furnished. Thereupon the city sued out a rule on the plaintiff citing him to show cause why the injunction should not be dissolved as in case of bond under Art. 307 C. P., but without bond as the City of New Orleans is dispensed by law from giving bond.

After due hearing the judge *a qua* made order according-ly, whereupon the plaintiff prayed for and obtained a suspen_ sive appeal from said dissolving order.

It is not disputed that if the act prohibited by the injunc-tion is not such as may work an irreparable injury to the plaintiff the Court may dissolve the injunction on bond; and that in cases in which the injunction is directed against the City of New Orleans the statute which exempts the city from giving bond in all judicial proceedings, (Sec. 117 of Act 45 of 1896) applies to the dissolution of injunction, and that, conse_ quently, the injunction, if dissolvable at all under Art. 307 C. P., may be dissolved on motion without bond The sole ques-tion in the case, therefore, is whether the act prohibited by the injunction is such as may work an irreparable injury to the plaintiff, for, if it may not, then it follows as a corollary; that the interlocutory judgment of dissolution itself may cause no irreparable injury, in which case no appeal can lie therefrom C. P. 566. And it is rock-bedded in the jurisprudence of this State that no appeal lies from a judgment. dissolving an in-junction on bond under Art. 307 C. P., unless the injury which may be inflicted by its dissolution will be irreparable. Jure vs. Municipality 2 A. 321; Cobb vs. Parham 4 A. 147; Stetson vs. Municipality 12 R. 488; Ibid 7 N. S. 54; Poydras vs. Tuson 3 La 443; Slaughter House Co. vs. Police Jury 32 A. 1192; As-good vs. Black 33 A. 493; Gravvis vs. Judge 33 A. 760; Wells vs. City 20 A. 300; Irwin vs. Telephone Co. 36 A. 772; Oil Co. vs. Leathers 50 A 134; Bayou Sara, etc. Co. vs. Brunot 112 La. 425; Xavier, etc. Co. Ltd. vs. Railway. etc. Co. 115 La. 343.

If the injury complained of by plaintiff is compensable in money then the injury which he may sustain, in the event of a judgment being rendered in his favor on the merits, by the dis_ solution of the injunction is not irreparable. Lattier vs. Po-lice Jury 43 A. 1017-1019; State ex rel Bayou Sara Lum-ber Co. vs Brunot 112 La. 426-7.

The allegations of plaintiff's petition make it indisputable

146

that he can sustain no injury which money cannot compensate. Not only do the facts averred in his petition make this evident, but there is one allegation in the petition which, inferentially at least, *affirms* the fact that the apprehended injury *is* compensable in money, for the petitioner avers as the reason why the injunction should issue, "that it is doubtful whether the said City and the said Pujol and the said Lamothe can respond to any *judgment* which may be rendered against them for *such damages as your petitioner may sustain in the premises* by the acts of said defendants, or either of them." A judgment for damages must necessarily be a judgment for an amount in money, and where an amount in money may compensate the injury, the latter, in the sense of the law, is not irreparable.

We do not understand, however, that it is seriously contended that the injury apprehended may not be compensable in money, but it is earnestly argued that the irreparability of the injury *does* result from what the appellant contends is the uncertainty or difficulty, if not impossibility of making good a monied judgment which he may obtain against the City for the injuries which may be caused him by the acts of the City as alleged.

It might be sufficient answer to this to say that the test in a question of this character, is not whether the judgment for money which be awarded in compensation for the injury done, may or may not be realized on by execution, but rather: Is the injury complained of one which may be estimated, or compensated in money?

But aside from this, there is nothing in the record to show that the City "cannot respond to any judgment which may be rendered against her for such damages as petitioner may sustain in the premises."

Whilst it is true that no *execution* may run on a judgment for money against the city there is not wanting a statute which authorizes her to make provisions for the payment of such judgments. Act No. 5, of 1870; and we cannot assume that she will fail or refuse to act under the authority of this statute, and to make due provisions for the payment of such judgment, if any such should be rendered, which the plaintiff may obtain against her.

Our esteemed brother of the District Court having found

that the acts prohibited by the injunction were not such as may work an irreparable injury to the plaintiff, in which view he is fully sustained by the record and in which we concur, properly dissolved the injunction as in case of bond, but for that same reason no appeal should have been allowed therefrom.

In this there was error and therefore it is ordered, adjudged and decreed that the appeal be and the same is hereby dismissed at the cost of appellant.

January 28, 1907.

Rehearing refused February 18, 1907.

Writ refused by Supreme Court April 19, 1907.