SAMUEL C. EPSTEIN, ADMINISTRATOR, *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, January Term, 1926.
WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

In maintaining a children's playground in a public park, a municipality is engaged in the performance of a governmental duty and is not liable for injuries to a child which are caused by the negligence of its servants or agents in the care and operation of the amusement devices connected therewith.

If a complaint alleges a cause of action founded upon negligence, recovery can be had upon no other ground.

Argued January 22d—decided March 4th, 1926.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County where a demurrer to the complaint was sustained (*Wolfe, J.*) and, upon the refusal of the plaintiff to plead further, judgment was rendered (*Simpson, J.*) for the defendant, from which the plaintiff appealed. *No error.*

*Harold H. Kaufman,* for the appellant (plaintiff).

*Frank S. Bergin,* for the appellee (defendant).

MALTBIE, J. The complaint in this action seeks to recover from the city of New Haven damages for the

death of the plaintiff's intestate by reason of the breaking of an amusement device in a park maintained and operated by the city. The decedent was a boy about thirteen years of age and suffered his injury from the breaking of the support of a swing upon which he and other boys were playing. The complaint alleges that his injury and consequent death were due to the negligence of the defendant in various respects specified and that he was himself at all times in the exercise of due care. The action is, therefore, one founded upon negligence and recovery upon any other ground was not permissible. *Hayes* v. *New York, N. H. & H. R. Co.,* 91 Conn. 301, 304, 99 Atl. 699. It is well settled in this State that municipal corporations are exempt from liability for the negligent performance of a purely governmental duty unless made liable by statute. *Pope* v. *New Haven,* 91 Conn. 79, 80, 99 Atl. 51. The control of public parks belongs primarily to the State and municipalities in operating and managing them act as governmental agencies exercising an authority delegated to them by the State. *Hartford* v. *Maslen,* 76 Conn. 599, 611, 57 Atl. 740; *Conners* v. *New Haven,* 101 Conn. 191, 194, 125 Atl. 375. The adaptation of public parks to serve in whole or part as places of recreation for those who frequent them is a natural incident to their public use; "in the common understanding, a park, in this country, is a piece of ground in or near a city or town for ornament and as a place . . . for recreation and amusement, and it is usually laid out in walks, drives and recreation grounds;" *South Park Commissioners* v. *Ward & Co.,* 248 Ill. 299, 304, 93 N. E. 910, 912; and one might cite the early dedication to sport of New York's Bowling Green, and the immemorial use of Boston Common as a place for recreation. 4 Minutes of the Common Council of the City of New York, 174; *Steele* v. *Boston,* 128 Mass.

583. For any negligence of its agents or employees in failing to guard against injury to children using the swing in question the defendant would not be liable.

There is no error.

In this opinion the other judges concurred.