[Civ. No. 717. Second Appellate District.—December 1, 1909.]

## A. S. KOYER, Respondent, v. J. C. WILLMON, Appellant.

TRUST IN REAL ESTATE—PARTNERSHIP—SUFFICIENCY OF COMPLAINT—DECISION UPON FORMER APPEAL—LAW OF THE CASE.—In an action to enforce a trust in a half-interest in real estate, upon payment of money advanced, where it was held upon a former appeal that the complaint stated a sufficient cause of action based upon a partnership between the parties in the buying and selling of lands, under a parol agreement, and the complaint is the same upon the present appeal, the sufficiency of the complaint to state a cause of action is the law of the case upon the present appeal.

ID.—GENERAL RULES AS TO LAW OF THE CASE.—In any case, questions of law arising out of documentary evidence which establish undisputed facts, or the sufficiency of a complaint to constitute a cause of action, when once determined in an action by an appellate court, become and remain the law of the case.

ID.—EXCEPTION AS TO ORAL EVIDENCE—CREDIBILITY OF WITNESSES.—When the fact which is to be decided depends upon the credit to be given to witnesses whose testimony is received, or the weight to which their testimony is entitled, or the inferences of fact to be drawn from the evidence, the sufficiency of the evidence to justify the decision must be determined by the tribunal before which it is presented, and is not controlled by an opinion of the appellate court as to the effect of similar evidence presented upon a former appeal.

ID.—PRIMA FACIE CASE UNDER COMPLAINT—BURDEN OF PROOF UPON DEFENDANT.—Where the plaintiff's evidence made a *prima facie* case under the complaint governing the law of the case, the court properly ruled that while the burden was upon the plaintiff to prove the allegations of the complaint, by a preponderance of evidence, it was bound by the law of the case, and that when such complaint was proved *prima facie,* the burden of proof was upon the defendant to overcome such *prima facie* case, and that such burden was not met.

ID.—MISTAKEN USE OF TERM "SHIFTING OF BURDEN" NOT MISCONDUCT OR IRREGULARITY.—The mistaken use of the phrase that "the burden was *shifted* upon the *defendant* to overcome the *prima facie* case," did not constitute misconduct or irregularity requiring a new trial of the case. When the plaintiff made a *prima facie* case under the complaint, he was at liberty to rest; and then the duty devolved upon the defendant to overcome it by a showing of facts, which would make it inequitable to grant the relief sought.

The burden of proof upon the plaintiff does not "shift," but that language is to be construed in connection with the burden stated as resting upon the plaintiff as having no other effect than a declaration that the burden was upon the defendant to overcome such *prima facie* case.

ID.—CONSTRUCTION OF OPINION.—The fact appearing in the record that testimony was received by the court upon the part of plaintiff tending to establish the partnership, and every other allegation of the complaint, and that the finding of the court is based upon that evidence, establishes that there was no intention of the court to express an opinion that the questions of fact presented upon the former trial were conclusive upon this, or that the facts presented upon that appeal should conclude the rights of the parties upon the second trial.

ID.—DISMISSAL OF REPORTER PRIOR TO ORAL ARGUMENT OR DECISION.—Where the official stenographic reporter had completed his notes of the evidence, there was no prejudicial error in dismissing him prior to the oral argument or decision of the case.

ID.—REQUEST FOR ARGUMENT NOT SHOWN.—Where there is nothing in the record indicating that by any action of the court defendant was deprived of any opportunity to raise and present any and every question presented in the cause, the mere failure of the record to show that the court requested argument is immaterial.

ID.—SUPPORT OF FINDINGS AND JUDGMENT.—*Held*, that the evidence, oral and documentary, supports findings sustaining every allegation of the complaint, and that the findings fully support the judgment, and that this court cannot disturb the findings or judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Sidney J. Parsons, and O. P. Widaman, for Appellant.

Jones & Weller, and Robert Young, for Respondent.

ALLEN, P. J.—Appeal from a judgment and an order denying a new trial.

The action was one brought to obtain a judgment of the superior court adjudging defendant to hold an undivided one-half interest in and to certain described property in trust for plaintiff, and for a decree that upon the payment by plaintiff to defendant of one-half of the money advanced, it be adjudged and decreed that plaintiff is the owner of an undivided one-half interest in said property.

This case was once heard upon appeal in the supreme court, and is reported in 150 Cal. 785, [90 Pac. 135]. The complaint in the record upon this appeal is the same as was the complaint in the case above cited. In that case upon appeal the supreme court held that the allegations of the complaint, if true, were sufficient to make plaintiff and defendant partners, and that a partnership for the buying and selling of lands may be proved by an agreement resting in parol. After the *remittitur* was sent down in the case above mentioned, defendant filed an amended answer controverting certain matters not theretofore put in issue by the original answer. Having in view these facts, there should be no controversy over the proposition that, in any case, the questions of law arising out of documentary evidence which establishes undisputed facts, or the sufficiency of a complaint to constitute a cause of action, when once determined in an action by an appellate court, become and remain the law of the case. But it is likewise true that, "when the fact which is to be decided depends upon the credit to be given to the witnesses whose testimony is received, or the weight to which their testimony is entitled, or the inferences of fact that are to be drawn from the evidence, the sufficiency of the evidence to justify the decision must be determined by the tribunal before which it is presented, and is not controlled by an opinion of the appellate court that similar evidence at a former trial of the cause was insufficient to justify a similar decision." (*Allen* v. *Bryant,* 155 Cal. 256, [100 Pac. 704].)

The primary and principal contention of appellant upon this appeal is, that the presiding judge in delivering his opinion stated: "In all cases, in the first instance, the burden is upon plaintiff to establish the allegations of his complaint by a preponderance of evidence, but taking the decision of the supreme court in this case into consideration, which binds me and is the law of the case, I must hold that a partnership has been established and did exist between the plaintiff and defendant for the purchase of lot 14. . . . The supreme court says that a partnership did exist. I am bound by that; and as soon as the plaintiff had given evidence of that, and that the property in suit was included in the agreement, then the burden did shift, and it then became the duty of defendant to establish by preponderance of the evidence that he had

offered to carry out the agreement—take the property in suit for the joint use of himself and defendant—and that the plaintiff had refused to carry out his part of the agreement. . . . I think, as I say, that as soon as the plaintiff had made his *prima facie* case, that this decision being the law of the case, that I am bound by it; and that the burden was upon, and remained upon, the defendant, and this burden I do not think he has met.'' From this it is insisted that the trial court was guilty of misconduct, or that there was an irregularity in the proceedings, in that it affirmatively appears that the court erroneously construed the decision upon the former appeal to have the effect of concluding the trial court upon questions of fact involved in the establishment of the partnership, and that, in effect, the trial court undertook to cast the burden of disproving such facts upon the defendant by reason of the language employed in the decision above referred to. We do not so construe the statement of the trial court. It will be observed that the trial court stated a correct legal proposition, that in the first instance the burden was upon the plaintiff to establish the allegations of his complaint by a preponderance of the evidence. This is all the burden which the law does cast upon the plaintiff, and the subsequent remarks of the court, in our opinion, were pertinent and expressed the law when he said that as soon as the plaintiff had given evidence that the partnership agreement was established, the burden was cast upon defendant to establish a plea in confession and avoidance, or the facts under which such a plea might be established, even though not formally pleaded. Appellant concedes that the plaintiff, upon this second trial, ''made out at most only the barest possible *prima facie* case, without the slightest bit of corroborative evidence.'' When he did make out a *prima facie* case he was at liberty to rest, and then the duty devolved upon the defendant to either present to the court evidence which overcame the *prima facie* proof, or tended to show, notwithstanding the existence of the partnership agreement, facts from which it would be inequitable and unfair to enforce its terms; and we cannot conceive how appellant or his counsel could be surprised or labor under a misunderstanding when the court made use of the term ''burden of proof shifting,'' as technically it does not shift, for it is always upon the defendant to overcome the *prima*

*facie* case made out by plaintiff, or to establish the facts which would avoid the equitable relief sought. The mere use of the term "shifting of the burden," when taken in connection with the affirmative statement of the court that the burden rested upon plaintiff in the first instance, should be given no effect other than as a declaration that the burden was upon the defendant to overcome the *prima facie* case, or to sustain a plea of confession or avoidance, or facts amounting thereto. It is but justice to the trial court to infer from his language, "the supreme court says that a partnership did exist, I am bound by that, and as soon as the plaintiff had given evidence of that and that the property in suit was included in the agreement, then the burden did shift," taken in connection with his other statement of the burden being upon plaintiff at all times to establish the allegations of his complaint, that the court only undertook thereby to declare that he was bound as of the law of the case by the decision which declared that certain facts when established created a partnership, and not that the mere introduction of the decision of the supreme court established a partnership. Any other construction would be unjust to as distinguished a jurist as the one presiding at this trial. The fact appearing in the record that testimony was received by the court upon the part of plaintiff tending to establish the partnership and every other allegation of the complaint, and that the finding of the court is based upon such evidence, conclusively shows to our mind that there was no intention by the court to express, nor could it reasonably be apprehended by counsel that he was expressing, an opinion that the questions of fact presented upon the former trial were conclusive upon this, or that the facts involved upon that appeal should conclude the rights of the parties upon the second trial. It is true that in *Pratt* v. *Pratt,* 141 Cal. 247, [74 Pac. 742], it is practically determined that it is an irregularity upon the part of the trial court to express an opinion as to the weight and effect which should be given to the testimony of a witness during the progress of the trial, instead of waiting until its close and the summing up of the case, but we apprehend the doctrine of that case will be carried no further than is there declared, and that the rule laid down in *Gay* v. *Torrance,* 145 Cal. 144, [78 Pac. 540], to the effect that an irregularity in the pro-

ceedings or the misconduct of the trial judge will only include departures by the court from the due and orderly method of the disposition of the action by which the substantial rights of a party have been materially affected, is the correct one. We see nothing in this record, reading it all together, which would indicate either misconduct or irregularity requiring even as serious a consideration as we have given it, and in its treatment we have accorded to appellant all of the rights by which under any method he might be able to present the questions involved upon appeal.

The second and further contention of appellant is that the court erred in dismissing the reporter before oral argument or decision of the case. We are unable to find any authority in support of the proposition that this was prejudicial error; in fact, in civil cases, we are not prepared to say that it would be error to try a case in the absence of the official stenographer, and certainly not where the record discloses that he was present and took stenographic notes of those things required in civil actions by section 269, Code of Civil Procedure. Nor do we regard seriously another specification of error to the effect that the court did not request argument of counsel as to the law of the case, or upon any other matter involved in it.

We see nothing in the record indicating that by any action upon the part of the court defendant was deprived of an opportunity to raise and present any and every question involved in the case. Defendant enumerates thirty-five specifications of error, all with reference to the insufficiency of the evidence to sustain the findings of the court. The court finds upon the evidence, oral and documentary, the entering into of the agreement set out in the complaint, the understanding and agreement of the parties thereunder, the purchase of the property, the agreement that the title to the same should be taken in a certain manner in trust for plaintiff and defendant, the omission of defendant to cause the title to be so taken, but that, on the contrary, he took the title in himself, and generally as true every allegation of the complaint. As before said, it is conceded by defendant that there was a *prima facie* case made; that is to say, that there was evidence offered in behalf of plaintiff to show the truth of all the allegations of his complaint, and this concession is made necessary by an examination of the record, from which it appears that there was ample

testimony offered upon the part of plaintiff to justify and warrant the court in each and every finding made by it. The weight and effect of all this evidence was for the trial court to determine, and it is not incumbent upon an appellate court, nor is it the policy of the law that it should, nor does the law warrant it in substituting, or seeking to substitute, its construction and opinion as to the weight of the evidence in the record, in opposition to the finding of the trial court, with its opportunities of seeing the witnesses, hearing their testimony and determining with whom the truth lies.

We see no prejudicial error in the record, and the judgment and order appealed from are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1910.