## LUCIEN V. PINNEY ET UX. vs. THE BOROUGH OF WINSTED ET AL.

First Judicial District, Hartford, May Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A trespasser on land, when sued, will not be permitted to urge in defense, or even in mitigation of damages, that his wrongful acts have really benefited the landowner. Accordingly, a town which has wrongfully seized a strip of land adjoining a street and made it a part of the highway, cannot object to a judgment against it for the full value of the property, if such seizure and appropriation, notwithstanding the illegality of its inception, is treated by both

parties as a permanent and final taking by the town for highway purposes. Under such circumstances the defendant town is not entitled to any deduction for possible resulting benefits, while the judgment so rendered will operate as a bar to any future action for damages by the plaintiff landowner.

Submitted on briefs May 4th—decided July 12th, 1910.

ACTION to recover damages for unlawfully appropriating for highway uses a narrow strip of land along the front of the plaintiffs' premises, and for an injunction, brought to and tried by the Superior Court in Litchfield County, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiffs for $400 against the defendant town of Winchester, from which said town appealed. *No error.*

The selectmen of the town of Winchester entered upon the land of Mrs. Pinney, cut down the trees, removed her fence, appropriated a strip seven and one half feet wide, running across the entire front of her lot, and made it into a roadway for the use of the town.

Theretofore the borough of Winsted within said town had condemned for sidewalk purposes a strip of Mrs. Pinney's land north of the strip in question, and caused a sidewalk to be constructed over it and a curb to be set. The strip which the town of Winchester is said to have appropriated lay immediately south of said curb and extended thence to the north line of the travelled path of the highway, taking in the trees heretofore mentioned. This north line of the travelled path was the limit of the highway. The title to this strip of land between this north limit of the highway and the curb fixed by the borough is found to have been in Mrs. Pinney. It is further found that it was never dedicated by her to highway purposes, and never used by the public for highway purposes until after the acts complained of.

The borough of Winsted had control of the sidewalks

within its limits, and paid the plaintiff for the strip of land regularly condemned for the sidewalk heretofore mentioned. The town of Winchester had control and management of all the highways in the town. The selectmen of the town seized this disputed strip, seven and one half feet wide, appropriated it to widening the highway and the travelled path, without making any compensation to Mrs. Pinney for the same. The parties tried the case upon the theory that the only issue was as to the title of the land so appropriated, and its value. The court found the title to be in Mrs. Pinney, and that she owned to the middle of the highway. The town took the whole of this strip and converted it into, and made it a part of, the bed of the road. The trial court held that the town should pay for this the sum of $400. The town of Winchester appealed.

*Richard T. Higgins*, for the appellant (defendant town of Winchester).

*Wellington B. Smith* and *Frank B. Munn*, for the appellees (plaintiffs).

ROBINSON, J. There are some questions raised on this appeal which appear to have been conclusively settled by the finding of the trial judge, and these we shall take no time to discuss. The court found that the title to the strip of land was in Mrs. Pinney, and we are unable to see any error on the part of the trial judge in reaching this conclusion. It was a question to be determined from all the evidence. Mrs. Pinney claimed that this strip of land belonged to her. The town claimed that it was in fact a part of the highway, and on this it based its right to do the acts complained of. The trial judge found adversely to this claim of the defendant town, and that finding settles this feature of the case.

But there is another question raised by the defendant

town, touching the amount of damage and the rule of assessing it, which is a matter of some importance. The defendant town claims that the court adopted an incorrect rule, in that it inquired into the fair market value of this strip of land, and awarded an amount proven as such fair market value. We think the court did not err in this inquiry, or in this award.

The criticism of the defendant town seems to assume that the trial judge adopted the rule of fair market value as the sole criterion, without treating the matter of special benefits as a factor. But no such benefits were attempted to be proven by the defendant town, so far as anything in the finding of the trial judge discloses. Assuming, however, that there were some benefits in fact, the rule is that a trespasser cannot in any event, when compensation is sought for his trespass, be heard to say in defense, or even in mitigation, that he has really benefited the plaintiff by his wrongful acts; he cannot thrust benefits upon the landowner, and then set up the benefits in reduction of the damage caused by these acts. He cannot find fault with the court if no allowance in reduction of damage be made him by reason thereof.

While it is quite true that in an action of trespass *quare clausum,* simple and uncomplicated, the measure of damage is not ordinarily the market value of the land, yet there were elements in this case that justified the court in adopting that rule. Not upon any theory that these acts of trespass pass the title of the land to the trespasser, for the title remains in Mrs. Pinney, but the town of Winchester has a road over this land, and this road, notwithstanding the illegality of its inception, seems to have been treated and accepted as a matter of permanence by both parties to this controversy. The taking was treated on the trial by both parties as a permanent taking. The land was seized

upon by the defendant town, and the injured party has chosen to treat it as a permanent appropriation of the land, and to demand payment accordingly. The defendant town has so treated it in its claim on the trial below and on the trial here, in that it insists that taking this land and making it a part of the highway is in fact a public improvement, and, as such, a benefit to the plaintiff's other land; and that this fact ought to be taken into consideration in estimating the amount that the defendant town should pay the plaintiff by reason of its acts in appropriating it, and in creating this permanent, public improvement. The defendant town assumes and concedes that it is such a public improvement, and necessarily concedes its permanent character. And further, the court has found that the town in fact appropriated this strip of land to itself for this purpose. The term "appropriate" as used here is not without significance; and it must be observed that this fact of appropriation is a part of the basis of the plaintiff's claim for damage, and it is also a factor in the town's claim as affecting the amount of such damage, and it is a part of the finding of the court and of the judgment of the court. And that feature of the judgment is not criticised; no exception whatever is taken to it, and no claim of error is based upon it. The meaning of this term "appropriate," as defined by this court in the case of *Woodward* v. *Reynolds*, 58 Conn. 486, 490, 19 Atl. 511, is "to allot, assign, set apart, or apply anything to the use of a particular person or thing or for a particular purpose." This "appropriation" of land is something more than a mere wrongful entry upon the land. It involves something more than a mere encroachment, something more than the mere digging up of the soil. The entry and the digging and the removal of the soil are only incidents and indicia of the appropriation of it to the use and benefit of the town as a

highway. These incidents, this appropriation and the purpose of it, and the results, one of which is the roadway over the land claimed to be a public improvement, demonstrate conclusively that the defendant town treats the taking and the injury and the highway as permanent.

The plaintiff says that the condition in which the defendant town has put and left this land, and the use to which it has appropriated it, have destroyed its value to her, and she demands the full value of it. The defendant replies that the plaintiff should not have the full value of it. Not because the town has not appropriated it, but because the public improvement for which the town has appropriated it is a benefit to Mrs. Pinney's other property; and, consequently, something should be deducted from this valuation of the property in her favor. The town takes no exception to the claim or finding that it has appropriated this property, but simply says that the court has adopted an unlawful rule of damage. If this is not true, the town has no just cause of complaint. The injury to the land, the taking and the appropriation of it to highway purposes, are treated by the parties themselves as a permanent injury. This being so, the value of the land is a proper rule of damage. It was proper, under such circumstances, for the court to assess the entire damages with reference to past and probable future injuries. *Fowle* v. *New Haven & N. Co.*, 107 Mass. 352, 354, 112 id. 334.

The court below did this by awarding as damages the full value of the land, and this concludes both parties, and must operate as a bar to any future action by the plaintiff for damages.

There is no error.

In this opinion the other judges concurred.