[Civ. No. 3847. Third Appellate District.—April 10, 1930.]

COUNTY OF SONOMA, Respondent, v. W. W. De WINTON, Appellant.

Fabius T. Finch and Barrett & McConnell for Appellant.

Carl Barnard, District Attorney, and E. J. Dole, Assistant District Attorney, for Respondent.

JAMISON, J., *pro tem.* — This action was brought by respondent to condemn a right of way for a county road over the land of appellant. The issues as to the value of the land taken, severance damage and benefit to land not taken were submitted to a jury, which returned a verdict in favor of appellant for the sum of $354 for the land taken and no damages for severance from the land not taken. From the judgment rendered upon this verdict appellant has appealed. Appellant produced evidence tending to prove that the land taken was of the value of $1500; that the damage to the land not taken was from $25,000 to $45,360 and that no benefit was conferred upon the land not taken by the construction of the road. Appellant then offered in evidence the judgment-roll in an action brought by appellant against respondent and theretofore tried and determined. It appears from the findings contained in this judgment-roll that this former action grew out of an agreement entered into between appellant and respondent in the year 1919 by the terms of which appellant agreed in consideration of the sum of $250 to grant to respondent a right of way forty feet wide over and across his said land, the outside edge of said right of way to be at least thirty feet from the top bank of the Russian River at a point easterly from appellant's upper house, and the construction of said road to be completed within one year from the date of said agreement; that in accordance with said agreement respondent entered upon appellant's land and did some work toward laying out and constructing said road, but did not pay appellant the $250, nor place the outside edge of the work which respondent did toward the construction of said road at least thirty feet back from the top back of the river at a point easterly from the upper house of appellant on said property; that by reason of promises made by respondent that it would carry out and perform its part of said agreement appellant extended the time within which to perform said work to December 20, 1920, but at this date respondent not having complied with its promises appellant elected to consider said agreement terminated; that thereupon respondent requested appellant to reinstate its rights to construct said road and did again enter upon the premises and dig out and excavate a road through said land of

appellant; that during the year 1922 two separate agreements were entered into by said parties providing for a board of arbitrators to determine the value of the land covered by the said right of way and to assess the damage appellant had sustained, but neither of these agreements was carried into effect; that from time to time respondent continued work upon said road and by January 1, 1924, had constructed a roadway through appellant's said land over which it was possible for vehicles to travel, but was not smoothed off or put in good condition.

On October 25, 1925, appellant commenced an action against respondent, reciting in his complaint the aforesaid facts, and demanding that respondent be enjoined from the further use and occupation of said right of way, and for damages for injuries caused to appellant's land by the construction of said road. Upon the trial of the issues involved in that action judgment was rendered in favor of appellant enjoining respondent from the further use of said road, and for damages in the sum of $100. This judgment was rendered July 21, 1927, and the present action was commenced on August 11, 1927. The strip of land sought to be condemned by the present action is the same strip over which the road was theretofore constructed. When the said judgment-roll was offered in evidence the attorney for appellant suggested to the court that it be considered as a record to the court, and not to the jury, for the reason that the said judgment-roll consisted of long documents which would be difficult for the jury to follow, and that the court should, in its instructions to the jury, set forth the legal effect of said judgment-roll, or such portions as might be applicable to the case; and to this suggestion the attorney for respondent assented. The record then recites that the judgment-roll was thereupon admitted in evidence under the aforesaid circumstances and for said purposes. Respondent then produced testimony as to the value of the land taken, and also evidence as to the benefit conferred upon the property not taken by the construction of the road. The entire tract of land owned by appellant through which the right of way runs is twenty acres, and the amount within the said right of way is 1.4 acres.

Appellant does not question the sufficiency of the evidence to support the verdict. He maintains, however, that the

court erred in admitting certain evidence, and in giving and refusing to give certain instructions hereinafter referred to, and that the verdict of the jury upon which the judgment is based is incomplete and insufficient to support the judgment.

It was stipulated by the parties to the present action that the right of way sought to be condemned in this action follows the lines of the road constructed by respondent under the agreement of 1919. And it was also stipulated that the value of the appellant's land sought to be taken by the present action and damages to land not taken should be ascertained as of the date of the trial, to wit, December 17, 1928. This last stipulation was unnecessary for the reason that section 1249 of the Code of Civil Procedure provides that where the issue is not tried within one year from the date of the commencement of the action, unless the delay was caused by the defendant, and in this case there is no evidence of any such delay, the compensation and damages shall be deemed to have accrued at the date of the trial. This action was commenced August 11, 1927, and was tried December 17, 1928.

Appellant contends that the court erred in permitting respondent, over his objection, to produce evidence tending to show the value of the benefit conferred upon the land not taken by reason of the construction of said road. He bases his contention upon the ground that respondent, at all times since it began the construction of said road, has been a trespasser on his said lands, and therefore cannot offset any damage to which appellant may be entitled by proof of benefits conferred upon the land arising by or through the trespass. He cites several cases in his effort to support this contention. The one upon which he appears mainly to rely is that of *Pinney* v. *Borough of Winsted,* 83 Conn. 411 [20 Ann. Cas. 923, 76 Atl. 994]. This was a case where the town wrongfully entered upon Pinney's land and constructed a street thereon without condemnation proceedings and without Pinney's consent. Pinney brought an action against the town for damages arising from this trespass. The case was tried upon the theory that the taking was permanent. No proof was offered by the town tending to show that the construction of the street benefited the remaining land. Judgment was given the

plaintiff for the value of his land that was taken, only. However, in that case the court held that even if benefits had been proven, they could not have been offset against plaintiff's judgment, for the reason that the law is well established that a trespasser cannot, when compensation is sought for his trespass, be heard to say, in his defense, that he has benefited plaintiff by his wrongful act.

These cases are not in point for the reason that there is no evidence to the effect that during the time respondent was using or occupying the said road it was a trespasser. In his complaint in the former action appellant alleges that he had permitted respondent to enter upon his said land and do the work on said road up to the commencement of that action, and in its findings in said former action the court specifically found that respondent went upon and took possession of the strip of land which it used and occupied as a road and highway across the land of appellant in the year 1919 by his permission and has ever since the year 1919 used and occupied same by the permission of appellant. There is no evidence that since the commencement of the former action respondent has continued to use or occupy the said strip of land for highway purposes or has continued to use or occupy it for any purpose. There being no evidence that respondent has used or occupied the said strip of land otherwise than with the permission of appellant the objection to the introduction of this evidence was properly overruled.

■ Appellant also claims that the court erred in giving instruction No. 5, which was given by the court of its own motion. By this instruction the jury was told that the judgment-roll in the former action was admitted in evidence upon the issue joined by the allegation contained in the complaint in the instant action, to the effect that respondent entered upon appellant's land and constructed said road with his permission, and appellant's denial thereof and assertion that an injunction was granted appellant in the former action because permission was not granted to construct the roadway exactly as it was constructed. That issue being thus joined on this allegation permitted the reception in evidence of said judgment-roll, but this did not alter the issue which the jury was to determine, namely, the market value of the land sought to be condemned, and

the damage, if any, to the remaining land by severance of the land sought to be condemned from the remainder of the tract. Apparently, the object the court had in view in giving this instruction was to inform the jury, complying with appellant's suggestion made at the time said judgment-roll was admitted in evidence, of the extent to which the jury should give consideration to the said judgment-roll in the determination of the issues before it. In the former trial no issues were involved regarding the value of the land occupied by the road, nor of the damages to the land not taken by reason of severance therefrom of the land occupied by the road, nor of benefits conferred upon the land not taken by the construction of the road. It appears to have been an action to enjoin respondent from further occupying or using said road because it had failed to perform its agreements thereto relating, and for damages arising from such failure. ■ By section 1908, subdivision 2, of the Code of Civil Procedure, the effect of a judgment is conclusive in respect to the matters adjudicated, and by section 1911 of said code, that only is deemed to have been adjudged in a former action which appears on its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto. ■ In order that a judgment in one action may constitute an estoppel against the parties thereto in a subsequent action, it must be made to appear, either upon the face of the record or by extrinsic evidence, that the identical questions involved in the issues to be tried were determined in the former action. (*Beronio* v. *Ventura County Lumber Co.*, 129 Cal. 232 [79 Am. St. Rep. 118, 61 Pac. 958]; *Agnifili* v. *Lagna*, 204 Cal. 262 [267 Pac. 705].)

The issues in the former case were the ownership of said roadway and the right of respondent to continue the use of it as a public highway, together with damages for injuries inflicted upon appellant's improvements by respondent in its construction of said highway.

The present action is a proceeding to condemn a strip of land for a public highway over the said land of appellant and the issues involved in this case are whether or not said strip of land is necessary for public use as a right of way for a public road, the value of the land embraced within said right of way, the damage to the land not taken by the

severance therefrom of the land taken and the benefit, if any, accruing to the land not taken by the proposed highway. ▆ A judgment is not conclusive of any matter which, from the nature of the case, the form of the action, or the character of the pleadings, could not have been adjudicated in the former suit. (2 Black on Judgments, p. 944.) In the case of *Lillis* v. *Emigrant Ditch Co.*, 95 Cal. 553 [30 Pac. 1108, 1110], after stating that the judgment is not conclusive as to any matter which only comes collaterally in issue the court said: ''A fact or matter in issue is that upon which the plaintiff proceeds by his action, and which the defendant controverts in his pleadings; while collateral facts are such as are offered in evidence to establish the matters or facts in issue; and notwithstanding they may be controverted at the trial, they do not come within the rule.''

▆ In the former case the allegations of the complaint, except those relating to damages to improvements, are substantially the same as the facts found by the court hereinbefore set forth. The answer of respondent thereto is a denial of those allegations and a claim of ownership of said roadway by adverse user. The judgment of the court in that case enjoined and restrained respondent from trespassing upon appellant's said land and from using or attempting to use any roadway existing thereon and for damages. We are of the opinion that the judgment in the former action is not *res judicata* as to any issue or matter involved in the present action.

▆ Appellant objects to the word ''exactly'' used in this instruction. In view of the fact that there is nothing in the findings indicating how many inches or feet respondent deviated from the agreement of 1919 in laying out and constructing the said road, we cannot say that the said word was used improperly. In fact, the allegations contained in the complaint in this condemnation action relative to permission theretofore given by appellant to respondent to enter upon said land and construct a highway there were unnecessary and immaterial allegations and doubtless would have been stricken upon motion. We are unable to see wherein appellant was injured by this instruction.

▆ Appellant contends that the court erred in refusing to give his proposed instructions numbers 1 and 2. Instruction number 1 is as follows:

"It is your duty to determine these damages as of the date of the filing of the complaint in this action, which was on August 11, 1927.

"Sonoma County actually constructed the road through Mr. de Winton's property as the road now exists long prior to the filing of the complaint in this action; but the county so constructed the road without Mr. de Winton's consent and without having paid him anything for the right of way, and in so doing, the county exceeded its rights.

"Therefore, in ascertaining the value of the land taken for the right of way in this case, and the damage to the adjoining property, you must consider the value of that property with the road already constructed. That road belonged to Mr. de Winton and you are not to deduct from the value of the land taken and the damages done to the adjoining property any benefits which you believe he may have received by reason of any work done in constructing the road prior to August 11, 1927."

Aside from the fact that this instruction required the jury to assess the damage as of the date of the commencement of the action instead of the date of the trial, it is somewhat difficult to determine just what it means. Apparently its purpose was to instruct the jury that the road theretofore having been constructed by the county, the jury could not consider the matter of any benefit which the land not taken might receive from the county making it a public road by the condemnation proceedings. In other words, the county having built the road, whatever benefit it was to the adjoining land of appellant had already accrued, that is to say, had accrued when the road was built and consequently no benefit would accrue at the time of the condemnation suit. At the time this condemnation suit was instituted the road was a private road and will remain such until the final judgment of condemnation. The question of who may have built the road is wholly immaterial in this action. The benefit, if any, that accrues to the land not taken accrues when the road becomes a public highway, that is to say, when it becomes a permanent highway operated, used and maintained by the public, affording ingress and egress to and from the land not taken. This instruction was properly refused.

■ Instruction number 2, proposed by appellant and refused by the court, is as follows:

"You are instructed that it has been decided in a prior action by Mr. de Winton against Sonoma County that this road was built by the County in its present location without Mr. de Winton's consent and against his will, and you are required to accept that as a fact conclusively established in this case."

This instruction was also properly refused for the reasons hereinbefore set forth.

This appeal was brought up on a bill of exceptions which set forth briefly the evidence produced by the respective parties, *pro* and *con*, as to the value of the land taken and benefits and damages to land not taken. Other than this no other statement of the evidence produced at the trial of the present action is contained in said bill of exceptions except the judgment-roll in the former case.

■ Lastly, appellant contends that the judgment in the present action is void for the reason that the jury failed to find by its verdict the amount of the benefit which the land not taken will receive by the construction of the road. Section 1248 of the Code of Civil Procedure provides that the court or jury must ascertain and assess, first, the value of the land taken; second, the damage which will accrue to the land not taken by reason of the severance, and, third, the benefit, if any, which the construction of the road may be to the land not taken. The verdict of the jury was in the following words: "We, the jury in the above entitled action, render the following verdict: Question No. 1. What is the value of the strip of land of defendant W. W. de Winton, sought to be condemned by plaintiff? Answer, $354.00. Question No. 2. What is the damage, if any, to the balance of the land not sought to be condemned by reason of its severance from the land sought to be condemned by plaintiff? Answer. None." Appellant cites cases from other states, notably Michigan and Colorado, to the effect that the aforesaid requirements are mandatory, and calls attention to the case of *Butte County* v. *Boydston*, 64 Cal. 110 [29 Pac. 511], which he claims supports this contention. In this latter case no assessment of the value of the land taken, nor damages to that not taken, nor benefits, by the improvement, to the land not

taken, were assessed at all, nor payment, or tender of compensation made, and under those circumstances the court held that the owner could not be deprived of his land, and that any judgment rendered against him would be illegal and void, while at the same time the court said: "But the value of the land, the damage, if any, and the benefit, if any, must be separately assessed in order that the compensation may be adjudged and paid." While section 1248 of the Code of Civil Procedure plainly requires that the value of the land taken, the damage to that not taken, and the benefit, if any, to the remaining land should be separately stated, yet in this case we find that the omission from the verdict of the value of the benefit to the remaining land by the construction of the road was mainly brought about by appellant himself.

Instruction No. 24, which was given to the jury at the request of appellant, reads in part as follows: "If you believe that Mr. de Winton's property, on either side or both sides of the proposed right of way, has sustained any special benefit by reason of the construction of this road, you may deduct the value of such benefits from the damages to be awarded to the land on each side of the right of way." ■■■ Then again, when the jury returned into court with the aforesaid verdict, defendant made no objection to the fact that it failed to state the amount of the benefit, if any, to the remaining land. The case of *Ft. Lyons Canal Co.* v. *Farnam,* 48 Colo. 414 [109 Pac. 861], was an action in eminent domain, where the jury failed to find the benefit to the remaining land, and no objection was made thereto at the time the verdict was returned. The court there said: "Had counsel for petitioner, as it was his duty to do, at the time the verdict was returned and before the jury was discharged, if of the opinion that the same was not sufficiently certain, made that objection, the verdict doubtless would have been forthwith corrected to show with greater particularity, if that were necessary, exactly what the jury did actually pass upon and find. Besides, it may well be held that petitioner waived his right to question it, either as to form or substance, by failing to urge objection thereto in apt time." If the verdict is insufficient in not covering the issues submitted, the jury may again be sent out. (Sec. 619, Code Civ. Proc.) Had appellant

desired to have the verdict of the jury specify the amount of the benefit, if any, to the land not taken by the construction of the road, he should have so informed the court at the time the verdict was returned; otherwise, he waived this requirement. (*Benson* v. *Southern Pac. Co.*, 177 Cal. 777 [171 Pac. 948]; *Bloomberg* v. *Laventhal*, 179 Cal. 616 [178 Pac. 496]; *Van Damme* v. *McGilvray Stone Co.*, 22 Cal. App. 191 [133 Pac. 995].) He also waived it by his instruction No. 24 hereinbefore quoted. It is a fair presumption that following this instruction the jury, in assessing the damage to the land not taken, by reason of the severance, and in assessing the benefits accruing to the remaining land, found that the benefits equaled or exceeded the damage, and therefore could give appellant no damage for the severance.

From an examination of the entire case, including the evidence, we are of the opinion that the alleged errors of which complaint is made did not result in a miscarriage of justice. (Sec. 4½, art. VI, Const.)

The judgment is affirmed, appellant to recover costs on appeal.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 10, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 9, 1930.