[Civ. No. 421.   Fifth Dist.   May 12, 1965.]

THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY, Plaintiff and Respondent, v. MONOLITH PORTLAND CEMENT COMPANY, Defendant and Appellant.

Enright, Elliott & Betz, Conron, Heard, James & Hamilton and Calvin H. Conron, Jr., for Defendant and Appellant.

Downey, Brand, Seymour & Rohwer and Ronald N. Paul for Plaintiff and Respondent.

BROWN (R.M.), J.—This appeal originated in a proceeding in eminent domain brought by the respondent against the appellant. The condemnation proceeding sought to acquire an easement over two parcels of land for the placement of

underground transcontinental coaxial cable, to acquire one parcel in fee for an underground repeater station, and another parcel for an easement for a right of way to be used for ingress to and egress from its underground facilities.

Appellant appeals from the judgment claiming that an improper form of verdict was submitted to the jury, and from an order taxing costs which involved the question whether or not there was a partial abandonment of the proceeding.

Appellant's contention is that respondent amended its complaint during trial and thereby abandoned substantial claims and demands less than 40 days prior to the time set for the pretrial conference and thus made itself liable for the payment to appellant of costs and disbursements and attorneys' fees under the provisions of section 1255a, subdivision (c), of the Code of Civil Procedure.

In the complaint filed August 23, 1963, the respondent sought a right of way 20 feet in width in and over parcels One and Two ''to construct, operate, maintain, replace and remove such communications systems as plaintiff may from time to time require, consisting of underground cables, wires, conduits, manholes, drains and splicing boxes; surface testing terminals and markers; and other appurtenances; hereinafter collectively referred to as 'underground facilities.' '' Respondent also sought the right to prohibit all structures from being erected on the easement without respondent's written approval, to clear and keep cleared trees, roots, brush and other obstructions from the surface, to install gates and stiles in fences, to permit construction, maintenance and removal of underground facilities, right of ingress and egress, and to use a strip of land 15 feet on each side of the easement for operation and storage of vehicles and machinery. It was further alleged in the complaint that respondent sought to condemn a parcel of land in fee ''as a site upon which to construct'' certain underground facilities.

The appellant's answer generally alleged that it was not fully informed as to the nature and extent of the use of said easement and was unable to allege the value of the lands sought to be condemned or the diminution in value of the remaining lands, and asked leave to amend its answer in the future.

The pretrial conference was held November 19, 1963. After much discussion it was agreed that the judge might order the respondent to answer under oath as in an answer to inter-

rogatories giving the extent and depth of the easement which was required. Appellant's counsel also wanted a statement as to the extent the easement would interfere with existing facilities which was agreed upon. Thereupon, appellant's counsel stated that if respondent answered these interrogatories the appellant would know which way to go and could be ready for trial in January. The pretrial order filed December 2, 1963, ordered respondent within two weeks to furnish the appellant with "information concerning the depth to which the easement will extend and its interference, if any, with existing facilities belonging to defendant." The issues reserved by the pretrial order to be tried by the court included the nature of the easement required, and the necessity for a restrictive condition in the easement interfering with long-standing preexisting use by appellant of extensive water-producing facilities. (Both of these issues were requested by appellant's pretrial conference statement.)

On December 7, 1963, the respondent served and filed an affidavit defining the extent of the easement.

Prior to the commencement of the valuation phase of the trial before a jury, the special issues were tried on January 27, 1964, and the trial court made its order on the special issues decreeing that the parcels of land were sought to be condemned for a use authorized by law. Limitations were then ordered as to the easement. Permanent structures were prohibited as to parcels One and Two; certain temporary movable structures were authorized. The respondent was given the right to initially clear any trees, roots, brush and other obstructions from the surface and subsurface, but had no obligation to keep the easement clear. Respondent's use of two additional strips of land on each side of the easement was limited to a period of 90 days and the depth of the easement was limited to 7 feet from the surface to the extent of at least 2 feet vertical distance above and below the cable, and appellant was given the right to install certain sewer lines and similar facilities across and through the easement outside of the clearance.

Concurrently with the signing and filing of this order and judgment, the respondent was permitted to amend its complaint to conform to the provisions set forth in the order.

It is appellant's claim that this amendment came too late; that appellant's counsel had prepared for a full-scale trial on the issue of severance damages on the basis of the original

complaint in which the easement was sought from the surface to the center of the earth, and appellant takes the position that the affidavit of December 7th cannot operate to amend the complaint and that appellant had a right to rely on the allegations of the complaint as filed and thus was entitled to consideration in preparing for trial on the basis of the complaint as well as to obtain attorneys' fees. The respondent correctly points out that at the time of the pretrial the appellant requested supplementary information as to the nature and extent of the easement and its anticipated interference with existing water lines and agreed to having that information submitted by affidavit, which was done. At that time the appellant had made no trial preparations. After it received the affidavit it knew the scope and extent of the easement and appellant was not required to prepare for trial on any issues beyond the easement as described in the complaint and limited in the affidavit. Appellant had this information by affidavit almost two months prior to trial.

Respondent urges that the amendment to the complaint was surplusage, and calls attention to the issues requested in appellant's pretrial statement which were preserved in the pretrial order. ■ The question of public use in condemnation proceedings vests the court with jurisdiction to determine the extent of the use. ■ The appellant having presented the special issue to the court for determination, its order and judgment limiting the use controls without the necessity for amendment of the pleadings.

Further matters occurred during the jury phase of the trial which appellant claims relate to the question of partial abandonment. It is appellant's claim that it might be liable for damages occurring to the coaxial cable or other facilities by reason of the use of the surface to store and spread water, by percolation, or by electrolysis. Respondent at that time was willing to agree that the court might order as part of the judgment that the appellant would not be liable for damages so occasioned, and on January 30th the respondent did file in the action a unilateral statement to that effect. The question of drilling a well on the fee property was also discussed as to severance damages in that such a well would compete with appellant's water wells. Respondent then on January 31st filed a waiver of water rights in which it was agreed that the respondent would not drill for water on the fee interest, though respondent expressly stated that such was not to be construed that respondent sought such rights.

Following the trial the appellant filed exceptions to the proposed findings, and requested special findings that, within 40 days of the date of trial, there was a partial abandonment in that the plaintiff eliminated the duty of defendant to keep the easement free of roots; that the plaintiff eliminated its claim to a portion of the subsurface; that the plaintiff waived the right to claim damages arising from the seepage of water, or electrolytic action, and its right to extract water from the parcel taken in fee; and by making slight changes of the description and route of the easement. It also asked that the court conclude it was entitled to costs of trial preparation, expert witness fees and attorneys' fees. However, the trial court declined to adopt the proposed findings and instead found: "There was and is no total or partial abandonment by plaintiff in this case."

In its cost bill, the appellant asked for surveyor's fees in the sum of $87.81, expert testimony and trial preparation $750, and attorneys' fees $2,000. The respondent's motion to strike these items was granted, and the appeal on this portion followed.

The question on this portion of the appeal is whether or not the amendment to the complaint and the waivers occurring during the trial and before the trial, constituted partial abandonment of the condemnation proceedings when viewed in the light of the record as a whole.

The applicable statutory law is found in Code of Civil Procedure section 1255a. Subdivision (a) provides that the plaintiff may abandon condemnation proceedings at any time after filing the complaint and prior to 30 days after judgment, and subdivision (b) provides the procedure for setting aside an abandonment on motion. Subdivision (c) provides as follows:

"Upon the denial of a motion to set aside such abandonment or, if no such motion is filed, upon the expiration of the time for filing such a motion, on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and during trial and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; provided, however, that upon judgment of dismissal on motion of plaintiff, defendants,

and each of them, may file a cost bill within 30 days after notice of entry of such judgment; that said costs and disbursements shall not include expenses incurred in preparing for trial where the action is dismissed 40 days or more prior to the time set for the pretrial conference in the action or, if no pretrial conference is set, the time set for the trial of the action.''

It is argued by the appellant that the various waivers hereinabove discussed came as a result of the amendment to the complaint and declarations filed during the course of the trial or much later than 40 days prior to the pretrial hearing and all voluntarily, citing *Mountain View Union High School Dist.* v. *Ormonde,* 195 Cal.App.2d 89, 95 [15 Cal.Rptr. 461], which holds that abandonment is the intentional relinquishment of a known right; and *County of Kern* v. *Galatas,* 200 Cal.App. 2d 353, 356 [19 Cal.Rptr. 348].

▆ The purpose of Code of Civil Procedure section 1255a is to recompense a defendant for expenses which he is compelled to incur by reason of the plaintiff's failure to carry the proceeding through to a conclusion. (*Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal.App.2d 678, 698 [32 Cal. Rptr. 288].) ▆ The section places no limitation on the extent of expenses recoverable for legal services, but such services must be reasonably necessary to the defense of the action and the protection of defendant's interests at the trial. Attorneys' fees may be allowed. (*La Mesa-Spring Valley School Dist.* v. *Otsuka,* 57 Cal.2d 309, 318 [19 Cal.Rptr. 479, 369 P.2d 7]; *City of Inglewood* v. *O. T. Johnson Corp.,* 113 Cal.App.2d 587 [248 P.2d 536].) Thus, it is appellant's claim that the amendment to the complaint and the incorporation of the various offers into the judgment amount to a dismissal insofar as the previous demands are concerned, and that once a demand is reduced in volume, size or character, it is a partial abandonment. Respondent counters that there was no abandonment at all; that the judgment gave all it asked in the original complaint and that the affidavit subsequently furnished only clarified the rights asked and that it was not abandoning any of its previously intentionally-sought rights or ''known rights'' as discussed in *City of Los Angeles* v. *Abbott,* 129 Cal.App. 144, 148 [18 P.2d 785]; that it never expected to sue for any electrolysis damage to its cable or to construct a well on the fee property, and in particular, these matters were not mentioned by the appellant until well

into the jury portion of the trial at which time respondent executed the documents stating that it would not, and had never intended to, sue for electrolysis damage or extract water.

As stated in *County of Kern* v. *Galatas, supra,* 200 Cal.App.2d 353, 357, the question of abandonment is a question of fact. Here the trial court found that there was no abandonment and the respondent is entitled to every presumption to support this finding; that there was no relinquishment of any previously intentionally-claimed rights, and that such was only indicated by the appellant prior to the pretrial conference wherein it stated that it would not prepare its case until it had these answers.

It is also contended that the appellant waived any rights to claim abandonment in that the appellant quite willingly accepted clarification in the form of answers to interrogatories made pursuant to the agreement of the parties at the pretrial.

The appellant also complains that at the time of the hearing on the motion to tax costs, the court took no evidence of the reasonableness of the items of cost or the preparation of the trial. This is not borne out by the record. According to the reporter's transcript counsel for appellant appeared to inform the court that he was not too well prepared but wanted to argue the motion, that he was scheduled to take depositions in another matter and did not want to be late. He did not explain what ''expert testimony and trial preparation $750'' meant; he did not mention what experts had testified or what trial preparations had been made; nor was there any explanation as to what the item of $2,000 attorneys' fees was based upon. He advised the court that he had to leave and that opposing counsel could say anything he wanted to in his absence. Opposing counsel objected, and appellant's attorney did remain a few more minutes. His argument on this phase is nonmeritorious and shows no abuse of discretion by the trial court in granting respondent's motion to strike the items in question. The determination of what is a reasonable fee is a question of fact which lies within the discretion of the trial court. (*La Mesa-Spring Valley School Dist.* v. *Otsuka, supra,* 57 Cal.2d 309, 316; see also *State of California* v. *Westover Co.,* 140 Cal.App.2d 447 [295 P.2d 96].) It must have evidence upon which to base its decision. Appellant having failed to present this evidence after being given opportunity so to do may not now protest on appeal. (3 Cal.Jur.2d, Appeal and Error, § 273, p. 815; *Estate of Randall,* 194 Cal.

725 [230 P.445]; *Koyer* v. *Willmon,* 12 Cal.App. 87 [106 P. 599]; 18 Cal.Jur.2d, Eminent Domain, § 339, p. 69.)

At the time of the pretrial conference the appellant's counsel stated he would not prepare his case until he had the affidavit delineating the scope and extent of the easement. His appraiser testified that he had first looked at the property in question in January 1964 and that on January 4, 1964, he saw the affidavit. The appraiser also indicated that he had not given his valuation figures to appellant's attorney until the second day of trial. Based on the *Galatas* case, *supra,* we have concluded that there was no abuse of the trial judge's discretion, and hence there is no basis for reversal of his order.

The appellant next contends that the form of verdict submitted to the jury failed to include severance damage claims. The form of the verdict was substantially as follows:

"We, the jury . . . hereby assess defendant's damages . . . in the total amounts set opposite the respective parcels:

"Parcel One_____dollars;
Parcel Two_____dollars;
Parcel Three_____dollars;
Parcel Four_____dollars;

"Dated this_____day of February, 1964.

"_____
Foreman''

The gist of the appellant's argument is that, by its form, the verdict took from the jury's consideration the issue of severance damages; that there was evidence of severance damages; that the issue was argued to the jury; and that numerous instructions dealt with the subject. On the subject of verdicts generally, as set forth in volume 48 California Jurisprudence, Second Edition, Trial, section 235, pages 250-251, "The court may instruct the jury on the form of their verdict, and may furnish blank forms with instructions on the filling in of the blanks. The forms should be worded in such a way that the jury may make their verdict conform to any one of the possible conclusions at which they may arrive."

The appellant waived any claims of irregularity in the form of verdict. The waiver theory has been applied to condemnation verdict appeal objections in *County of Sonoma* v. *De Winton,* 105 Cal.App. 166 [287 P. 121]; and *Reed Orchard Co.* v. *Superior Court,* 19 Cal.App. 648 [128 P. 9, 18].

The record does not disclose that the appellant made **any**

objection to the form of verdict either before it was given to the jury or thereafter, nor did it submit any proposed verdicts. In his argument to the jury the appellant's counsel explained to the members of the jury exactly how to fill in the form hereinabove referred to. He stated in his argument to the jury many examples such as, "So if you take Mr. Amacker's position you would apply the figure of just by way of example, $1102 to the land, and then you would take plus severance, and your total would be in one figure for parcel one." Thus, we have a situation of invited error being applicable to this situation.

We agree as set forth in *Fairfield* v. *Hamilton,* 206 Cal.App. 2d 594, 605 [24 Cal.Rptr. 73], that the appellant is in no position now to assert error in the form of the verdict because there was no objection made at the time the verdict was returned. (See *Brown* v. *Regan,* 10 Cal.2d 519, 523 [75 P.2d 1063].) Where the matter is raised for the first time in the appellant's opening brief, such objection has been waived. (See *City of Los Angeles* v. *Frew,* 139 Cal.App.2d 859, 873 [294 P.2d 1073]—disapproved on another point in *County of Los Angeles* v. *Faus,* 48 Cal.2d 672, 682 [312 P.2d 680].)

The judgment and order are affirmed.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied June 9, 1965, and appellant's petition for a hearing by the Supreme Court was denied July 7, 1965.